IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Brian Culver,<br>    Plaintiff<br><br>v.<br><br>Shannon D. Withers, WARDEN;<br>Stephanie Rush, CHIEF PSYCHOLOGIST;<br>Ramon Rivera, SOMP COORDINATOR;<br>Michelle Proulx, SOMP PSYCHOLOGIST;<br>et. al.<br>    Defendants | COMPLAINT<br><br>Civil Action No. 5:18cv160-MCR-CJK |

## I. JURISDICTION AND VENUE

1. This civil action is being brought under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u> 403 U.S. 388 (1971). Plaintiff seeks declaratory relief pursuant 28 U.S.C. Section 2201 and 2202. Plaintiff seeks injunctive relief authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Federal Court for the Northern District of Florida is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to the claims occurred.

## II. PLAINTIFF

3. Plaintiff, Brian Culver, is and was at all times mentioned herein a prisoner of The United States of America in the custody of the United States Federal Bureau of Prisons. Plaintiff is currently confined at FCI Marianna in Marianna Florida.

## III. DEFENDANTS

4. Defendant, Shannon D. Withers, is the warden at FCI Marianna. He is legally responsible for the overall operations of FCI Marianna and any policies and practices.

5. Defendant, Stephanie Rush, is the chief psychologist at FCI Marianna. She is legally responsible for the overall operations of the psychology department at FCI Marianna.

6. Defendant, Ramon Rivera, is the SOMP (Sex Offender Management Program) coordinator at FCI Marianna. He is legally responsible for the overall operations of SOMP. He is responsible for policies and practices which are specifically directed toward inmates in SOMP at FCI Marianna.

7. Defendant, Michelle Proulx, is the SOMP psychologist at FCI Marianna. She is legally responsible for the welfare and treatment of inmates who are in SOMP. She supervises the SOMP treatment specialist and oversees how SOMP specific policies and practices are implemented and enforced at FCI Marianna.

8. Each defendant is sued individually and in his or her official capacity.

## IV. FACTS

9. The Federal Bureau of Prisons created a Sex Offender Management Program (SOMP) to assist in the effective management of its population of sexual offenders and to provide services that minimize this population's risk for sexual re-offense. FCI Marianna is designated as a SOMP institution.

10. A primary goal of SOMP institutions is to reduce the need to place sexual offenders in protective custody, and to create an institution climate conducive to voluntary participation in treatment. SOMP is not treatment but is only a management program used by the Bureau of Prisons.

11. A key component of SOMP is "risk management". Risk management services are designed to reduce the likelihood that sexual offenders in Bureau institutions engage in future acts of a sexually offensive nature. Risk is determined by an initial risk assessment which is used to guide treatment and management decisions. Effective management of sexual offenders in prison requires accurate assessment of risk relevant behavior.

12. Risk relevant behavior is an individualized determination and is defined as institutional behavior related to an individual's sexual offending history

2

that indicates risk of future sexual offending upon release. When an individual has been found to be engaging in behavior that is risk relevant for him, he may be placed on a Correctional Management Plan ("CMP"). When one is placed on a "CMP", personal property may be restricted. Examples of categories of personal property subject to restrictions for one placed on a "CMP" include: Items that may be used as sexual paraphernalia such as photos or drawings depicting adults or children in sexually explicit or suggestive poses or situations; materials that promote the sexual exploitation of children; or written correspondence in which individuals are discussed in a sexual way. Plaintiff has never been placed on a "CMP".

13. As part of plaintiff's initial risk assessment upon arrival at FCI Marianna, Plaintiff has had a "Static 99" assessment conducted on him. A Static 99 is an assessment tool used to determine the likelihood of recidivism based upon an offender's offense conduct and history. The lower the score on the Static 99, the less likely one is to reoffend. Plaintiff's score was a "0".

14. The Bureau's Sex Offender Management Policy requires each institution with a Sex Offender Management Program to have an institutional supplement that reflects that institution's unique characteristics and specifies how it will monitor inmates for risk relevant behavior.

15. Defendants Ramon Rivera and Michelle Proulx created a policy and practice under FCI Marianna's institutional supplement that exceeds monitoring and bans all family photos for those labeled "sex offender" if the photo contains a picture of a minor child unless that minor child is the biological or adopted child of the inmate.

16. The policy and practice does not apply to any inmate at FCI Marianna if they are not labeled "sex offender". The policy and practice simply targets those who are a member of a particular group without considerations for the individual's offense, offense history, what the picture is of, or the institutional conduct of the individual who is receiving the picture.

17. Defendants Shannon D. Withers and Stephanie Rush have approved and implemented this policy.

18. The policy and practice bans appropriate pictures such as: Pictures taken with family members in the visiting rooms at FCI Marianna, Group family photos such as Christmas Cards, family reunion pictures and birth announcements.

19. Based upon this policy, family photos were confiscated from the plaintiff. The family photos were of the plaintiff's nephews who were on his approved visitation list and have visited him several times at FCI Marianna. Plaintiff has no criminal history of ever victimizing males and these family members were in no way his "victims". Plaintiff has been incarcerated for over 11 years and has never engaged in any institutional behavior that could be deemed risk relevant or even questionable. There is no nexus between the plaintiff's behavior and a risk associated with him having appropriate photos.

20. Upon information and belief, sex offenders have one of the lowest recidivism rates of any crime and there is no research or established facts to show banning one from having pictures of their family (which represent meaningful ties to the community [which has been shown to reduce recidivism]) reduces recidivism or for that matter has anything to do with recidivism.

21. Upon information and belief, family photos do not jeopardize the safety and security of FCI Marianna because non-sex offenders can have photos of their families. The policy and practice of banning family photos serves no neutral purpose because it targets a group for no other reason but membership in that particular group.

22. Plaintiff alleges that the defendants in this complaint have created and enforced an unwarranted policy and practice that deprives plaintiff of his personal property and will continue to deprive him of property for no valid penological or therapeutic reasons.

23. Plaintiff alleges that there were appropriate means already in place at FCI Marianna which could have addressed any problems with family photos (i.e. Correctional Management Plans for those misusing photos). The policy and practice created and implemented was a gross overreaction to a problem.

4

## V. EXHAUSTION OF LEGAL REMEDIES

24. Plaintiff, Brian Culver, used the prison grievance procedure available at FCI Marianna to try and solve the problem. On September 8, 2017 plaintiff, Brian Culver, presented facts relating to this complaint (Attachment A). On September 19, 2017 plaintiff was sent a response saying that the grievance had been denied (Attachment B). On October 2, 2017 plaintiff appealed the denial of the grievance (Attachment C). On December 12, 2017 the appeal was denied (Attachment D). On January 4, 2018 plaintiff appealed to the Central Office in Washington D.C. (Attachment E). On March 2, 2018 the Central Office appeal was denied (Attachment F).

## VI. LEGAL CLAIMS

25. Plaintiff realleges and incorporates by reference paragraphs 1-24.

26. Defendants Ramon Rivera and Michelle Proulx created a policy and enacted a practice that directly led to the confiscation of plaintiff's personal property (family photographs) and forbids future access to personal property (family photographs) in violation of plaintiff's First Amendment rights under the United States Constitution. Photographs are protected by the First Amendment and prison walls do not form a barrier seperating prison inmates from the protections of the United States Constitution, especially when there is no legitimate penological reason.

27. Defendants Ramon Rivera and Michelle Proulx created, implemented and enforced a policy and practice that bans all of plaintiff's family photos if they contain a minor in them, unless the minor is the biological or adopted child of the plaintiff. This policy and practice rejects an entire category of photographs without considering the specific photo, plaintiff's offense history, plaintiff's institutional conduct, or plaintiff's risk assessment. This violates plaintiff's right to due process which is guaranteed by the United States Constitution.

28. Defendants Ramon Rivera and Michelle Proulx created, implemented, and enforced a policy and practice that deprives plaintiff of personal property for no other reason but plaintiff's criminal charge. Deprivation of property is considered punishment. Because there is no nexus with this punishment and plaintiff's institutional behavior or a legitimate neutral penological goal,

this punishment violates the United States Constitution's prohibition against ex post facto punishment. The court has already imposed punishment for plaintiff's crimes and said punishment did not include any type of limits on his access to family photographs of loved ones.

29. Defendants Ramon Rivera and Michelle Proulx created, implemented, and enforced a policy and practice that violates plaintiff's right to equal protection under the law. The policy and practice targets plaintiff simply because he is a member of a particular group without consideration of his individual offense history or institutional conduct. Inmates who are not labeled "sex offenders" at FCI Marianna can have photographs of ANY of their family members. There is no penological, therapeutic, or fact based reason to target plaintiff because he is labeled "sex offender" in relation to having appropriate photographs of his family.

30. Defendants Ramon Rivera and Michelle Proulx upheld, implemented, and enforced a policy and practice which violates plaintiff's Constitutional rights after being given fair notice that said practice and policy was unconstitutional.

31. Defendants Shannon D. Withers and Stephanie Rush approved and upheld the policy and practice created by defendants Ramon Rivera and Michelle Proulx and continues to uphold and enforce the policy and practice.

32. All defendants in this complaint willfully and knowingly upheld and enforced the unconstitutional policy and practice after being given fair notice that said policy and practice was in violation of the United States Constitution.

33. Defendants Ramon Rivera and Michelle Proulx personally met with the plaintiff and were given fair notice of the violations plaintiff has claimed in this complaint. Defendants continued to enforce the unconstitutional policy and practice with deliberate indifference to plaintiff's rights.

34. The policy and practice is invalid because it impinges upon freedoms protected by the United States Constitution and is not reasonably related to legitimate penological interest and is an exaggerated response to such objectives.

## VII.  PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

35. A declaration that the acts and omissions described herein violated plaintiff's rights and the policy and practice banning family photos simply because the photo contains a minor who is not the plaintiff's biological or adopted child is a violation of the constitution and laws of the United States.

36. A preliminary and permanent injunction ordering all of the defendants to cease the practice of banning family photos simply because they contain a minor who is not the plaintiff's biological or adopted child and to revise the policy to remove this provision.

37. Compensatory damages in the amount of $1 (one dollar) against each defendant, jointly and severally.

38. Punitive damages in the amount of $100 (one hundred) against each defendant.

39. A jury trial on all issues triable by jury.

40. Plaintiff's cost in this suit.

41. Any additional relief this court deems just, proper, and equitable.

DATE: 7-2-18

RESPECTFULLY SUBMITTED BY: *(signature)*
Brian Culver

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at FCI Marianna, Marianna, FL. on 7-2-18

*(signature)*
Brian Culver

**U.S. DEPARTMENT OF JUSTICE**          **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons



*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Culver, Brian   Culver, Brian   26299-001   Creek B   FCI-Marianna
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** I am requesting that this institution's practice of rejecting all family photos which contain minors who are not the inmate's adopted or biological children CEASE and the SOMP Handbook and all related policies which allow this practice to be AMENDED. This practice and related policies violate my First Amendment rights, due process, and equal protection under the law. It is also an absurd over exaggerated response, an abuse of discretion, and does not serve any penological or rehabilitation needs.

     The response to my BP-8 simply recited a policy that is not germane to the issues I raised. As a result, the response is effectively a Non-Response. The issue is the practice of rejecting normal family photos which are neither sexually explicit or "publications" of which the BP-8's response references. I reconize and agree that the warden has broad discretion to reject materials deemed to pose a risk to the safe and secure operation of the institution. However, it is an abuse of this discretion to have policies and practices in place that rejects ALL photos (including one's family) simply because they contain a minor. Furthermore, the term "risk relevant" is an individualized clinical determination that should be used based upon an individual not as an excuse for systematic rejections as it is at this institution. [Continued on attached page]

9-8-17
DATE                                            SIGNATURE OF REQUESTER

**Part B- RESPONSE**






DATE                                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE            CASE NUMBER: _____

                                                   CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE                           RECIPIENT'S SIGNATURE (STAFF MEMBER)      BP-229(13)

Culver, Brian     Reg. No. 26299-001     BP-9

    Program Statement 5580-08 section 2.(h) states: "Ordinarily, photographs, <u>Particularly those of family and friends</u>, are approved since they represent meaningful ties to the community". The Supreme Court has ruled that photos are protected under the First Amendment of the U.S. Constitution. see <u>Kaplan v. California</u> 413 U.S. 115 **(1973)** The Supreme Court has also held that a prison regulation is invalid if the regulation is (1) not reasonably related to legitimate penological interest or (2) and exaggerated response to such objectives. see <u>Beard V. Banks</u> 548 U.S. 521 (2006).

    I concede there may be a problem with SOME individuals at FCI Marianna using photographs in an innaproriate way, however, I am not part of that problem nor have I ever been. Because of this, there is no valid reason to reject my personal family photos based upon an overbroad policy and exagerrated responses to a problem with which I have nothing to do with. There are approriate ways to deal with these individuals who abuse photos already in place. These individual can be placed on a CMP which restricts their access to photos etc.. Rejecting my personal family photos when I have done NOTHING wrong effectively places me on an UNWARRANTED CMP. This is a gross violation of due process, fundamental fairness, and equal protection under the law which are all guaranteed under the United States Constitution and these rights are not lost simply because one is an inmate.

U.S. Department of Justice          RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

**B**

Part B - RESPONSE

Remedy ID - 915343-F1

This is in response to your Request for Administrative Remedy receipted September 14, 2017, in which you indicate your mail is being improperly rejected. Specifically, you state the rejection of mail containing children, other than biological and adopted children, violates Bureau of Prisons' policy and your Constitutional rights.

A review of your request revealed, the photos in question are reviewed under the Institution Supplement 5324.10C <u>Sex Offender Programs</u>, and Program Statement 5265.14 <u>Correspondence</u>. All inmates at FCI Marianna with a conviction of a classified sex offense under the Adam Walsh Act are given a Sex Offender Management Program (SOMP) Inmate Handbook. The SOMP handbook indicates that "pictures or drawings of any child with the exception of those deemed immediate family (i.e. children by birth, adoption, or legal means, and grandchildren from any of the above), and who are not a victim of their sexual offending behaviors as listed within their PSR or other legal documentation" will be treated as contraband. The items are treated as contraband as "constituting sexual risk factors (i.e., have the potential to contribute to future sexual offending)". In accordance with the Institution Supplement 5324.10C <u>Sex Offender Programs</u> and Program Statement 5265.14 <u>Correspondence</u>, the photos are deemed "detrimental to the security and good order of the institution".

Additionally, you contend the photos are not detrimental to the security of the institution. However, due to the nature of the photos, this material is deemed as risk relevant. Therefore, it is detrimental to the security and good order of the institution.

**This response is for informational purposes only.** If dissatisfied with this response, you may appeal to the Regional Director, Southeast Regional Office, at 3800 Camp Creek Parkway, SW, Building 2000 Atlanta, Georgia 30331-6226. Your appeal must be received in the Regional Director's Office within 20 calendar days of the date of this response.

_____          9/19/17
B.E. Blackmon, Warden                    Date

This response was delivered by my unit team on  Sept. 21 , 2017.

_____          _____
Inmate Signature                        Staff Signature

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13), including any attachments must be submitted with this appeal.

From: Culver, Brian         26299-001        Creek B         FCI Marianna
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL  I am appealing the response to my BP-9 (attachment A) because the response did not address the specific problem of which I was addressing. Ironically, the response exemplifies the problem. I did not dispute the fact that Marianna FCI has an institutional supplement (PS 5324-10c) and a SOMP Handbook provision (Paragraph f pg. 4) which considers all photos (including approved family members from an inmate's visitation list) "Contraband" if said photo contains a minor who is not the inmates adopted or biological child. I am specifically claiming that this institutional supplement and the SOMP Handbook provision are a gross violation of my First Amendment right, due process, and equal protection under the law because it is overbroad, an exagerrated response to a problem, and unfairly targets a particular segment of the BOP population simply because of their class.

Marianna FCI had a problem with a small minority of individuals labeled "sex offenders" sharing photos of minor children for deviant purposes. Rather than using options which were already in place (i.e. CMP, issuing "shots", transfering if these measures did not work), Marianna FCI created institutional supplements and a SOMP Handbook to ban ALL individuals who are labeled a "sex offender" from possessing ANY photo which has a minor in it unless the minor is the inmate's biological or adopted child.

CONT........

10-2-17
DATE                                          SIGNATURE OF REQUESTER

Part B - RESPONSE

_____                    _____
DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: _____

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

Part C - RECEIPT
                                             CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                    _____
DATE                                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

                                                                        BP-230(13)

| Culver, Brian | 26299-001 | Creek B | FCI Marianna | BP-10 |

Such an absurd group punishment would never be implimented in any other situation. For example: Marianna FCI currently has a profound problem with chronic drug usage, sales, and distribution by inmates at its facility. This problem is not only "detrimental" to the safe and secure operation of the institution, it is a FELONY. Everyone is aware that these drugs are coming in via the mailroom and/or visitation. However, Marianna FCI has not created a "Drug Offender Handbook" nor have they instituted institutional supplements which apply to anyone with a history of drug offenses or a current drug offense. They would never bar them from receiving mail and/or visits. This would be seen as an absurd exaggerated response to a problem that violates the Constitutional rights of the drug offenders who have nothing to do with the problem. The United States Constitution also applies to me and I have nothing to do with the problem which initiated the overbraod ban on ALL photos which may contain a minor child that is not my biological or adopted child.

Marianna FCI hides behind this institutional supplement and the SOMP Handbook and abuses terms such as "risk relevant" and "safe and secure" operations of the institution to deprive me (as well as the entire class of those labeled "sex offender") Constitutional rights afforded to other inmates. There is no way that appropriate family photos of my nephews (who are on my visitation list and has visited me here at FCI Marianna) are "risk relevant" nor could these photos (which would have been locked in my locker) pose a risk to the "Safety and Security" of the institution.

Most ironic of all in this situation is the fact that if one takes a photo here at FCI Marianna, it is given to them in a Walmart envelope which is covered with numerous photos of minor children who are not their biological or adopted child. (see attachment F) However, my family photos pose a risk to the safe and secure operation of the institution and are "risk relevant" to me? Furthermore, risk relevant is defined as any institutional behavior that my contribute to me committing further crimes upon my release. I essentially have life in prison and I am not getting out therefore "risk relevant" is not applicable to me.

Marianna FCI has abused its power and discretion by creating an institutional supplement and SOMP Handbook which violates my Constitutional rights and is overbroad. I am respectfully asking that the institutional supplement and the SOMP Handbook provision that bans ALL photos that contain minor children who are not an inmates biological or adopted child be amended.

ATTACHMENT "F"



**Walmart Photo** — powered by FUJIFILM

Make it Personal.

4x8 & 5x7 Photo Cards, Invites and Thank Yous
Order in store or at walmart.com/photo

C-3

Last Name (Apellido): Culver B
First Name (Nombre): 262-99-00
Phone (Teléfono): C-B

It's **easy** to transfer photos from your **smartphone** and **tablet** to create prints and gifts.

FASTEST WAY — CONNECT VIA CABLE





Download the FUJIFILM KIOSK PHOTO TRANSFER APP and select only the images you would like to transfer.

Transfer your entire photo library.

**Walmart** Photo
powered by FUJIFILM



Regional Administrative Remedy Appeal No.: 915343-R1
Part B – Response

This is in response to your Regional Administrative Remedy Appeal receipted October 10, 2017. You appeal the Warden's response to your administrative remedy. You request the Sex Offender Management Program (SOMP) Handbook and Institution Supplement at FCI Marianna be altered because it violates your Constitutional Rights.

The Institution Supplement at FCI Marianna states that when inmates with a sexual offense receive photographs through the mail, "SOMP Staff reserve the right to review photographs to determine appropriateness related to risk-relevancy." In addition, the SOMP Inmate Handbook details categories of inappropriate or risk relevant material which, at the discretion of the Warden, can be reasonably expected to adversely affect the security, safety, or good order of the institution.

Our investigation revealed you are currently serving a sentence for possession and production of child pornography. On April 19, 2017 and July 14, 2017, SOMP staff were contacted because mail addressed to you included photographs of pubescent males in bathing clothes, and pictures of prepubescent and adolescent males and females. These photographs were determined by SOMP staff to be risk-relevant due to your offense history of production and possession of child pornography, and staff recommended rejection of the mail.

Accordingly, your Regional Administrative Remedy Appeal is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

12/12/17
Date

Regional Director, SERO

U.S. Department of Justice    Central Office Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Culver, Brian__   __26299-001__   __Creek B__   __FCI Marianna__
      LAST NAME, FIRST, MIDDLE INITIAL   REG NO   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**  I am filing this appeal pursuant PS 1330.18 (Administrative Remedy Program) page 6 section 12's provision which states "the inmate may consider the absence of a response to be a denial at that level". As of the date indicated on this submission, no response has been received.

I am filing this appeal because at no level of the administrative remedy process has anyone ever addressed the actual issue. The responses have only rested the policy and never addresses the two major problems with the policy. Marianna's Institutional Supplement (MNA 5324.10c attachment A pg. 3, paragraph f) and Marianna's SOMP Handbook's (pg. 4 paragraph f) ban on ALL photos which contain a minor child who is not the biological or adopted child of the inmate is overbroad, violates the authorization given under BOP PS 5324.10, and deprives inmates of Constitutional rights they still retain.

**PLEASE ADDRESS THE FOLLOWING SPECIFIC CLAIMS:**
1) BOP PS 5324.10 states: "Each institution with a sex offender management program is required to have an institutional supplement that reflects that institution's unique characteristics and specifies how it will monitor inmates for risk-relevant behavior. Specific items to be covered are listed in section 4.8". (PS 5324.10 pg. 2) It must be noted that section 4.8 of this program statement is concerning restricting property when one is placed on a Correctional Management Plan (CMP).                                                                                              CONT......

__1-4-18__                                              __[signature]__
DATE                                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**




_____                                 _____
DATE                                                    GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE                              CASE NUMBER _____

**Part C - RECEIPT**
                                                        CASE NUMBER _____

Return to: _____
             LAST NAME, FIRST, MIDDLE INITIAL    REG NO    UNIT    INSTITUTION
SUBJECT: _____

_____                                 _____
DATE                                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

The only reference to any type of blanket restriction on personal property in this section refers to Residential Treatment facilities and even in that case it speaks of blanket restrictions applying to a Housing Unit which houses the program participants. This BOP Policy specifically states: "Restrictions on personal property and publications are imposed when an inmate uses those items as sexual stimulus in furtherance of his/her sexual defiancy. Because the potential for exist for inmates to exchange personal property within an institution, imposing restriction on individual inmates does not guarantee a lack of access to sexual stimulus materials. For this reason, the presence of sexual stimulus materials in residential sex offender treatment units poses a threat to the successful rehabilitation of program participants. To maintain a theraputic mileu in housing units with a specialized treatment or rehabilitation mission (e.g. SOTP-R, Committment and Treatment), wardens may exercise their discretion in issuing unit-wide restrictions on specific catagories of personal property and publications to prevent the exchange of sexual stimulus material between inmates." (PS 5324.10 pg. 4)

Two key points are contained in this program statement: 1) This Program Statement allows for the warden to use his/her discretion to implement "UNIT-WIDE" (not institutional-wide) restrictions at "RESIDENTIAL TREATMENT FACILITIES" (which Marianna is NOT). 2) The Program Statement speaks of "SEXUAL STIMULUS" materials, not normal family photos.

Marianna has somehow interpreted this section of the BOP Policy as giving them permission to implement an institutional-wide restriction that bans all photos of children (even one's own family....including pictures taken in the visiting room) simply because one is labeled a sex offender even when one is not on a Correctional Management Plan (CMP). This is a total abuse of discretion and a misunderstanding of BOP Policy PS 5324.10.

I reallege and incorporate all the claims and requests I have made in my BP-9 and BP-10 in reference to the Constitutional issues. Marianna's institutional ban violates the Constitutional Rights I still retain as an inmate and a federal court would most likely agree based upon the supporting case law.

I respectfully ask for Marianna's Institutional Supplement and SOMP Handbook to be revised to remove this ridiculous overbroad ban on ALL photos which contain a minor who is not the inmate's biological or adopted child. Such a ban is inappropriate for on who is not on a CMP and is outside of the authorization given to local institutions pursuant BOP PS 5324.10.



Administrative Remedy Number 915343-A2
Part B - Response


This is in response to your Central Office Administrative Remedy Appeal wherein you contest FCI Marianna actions of banning inmates from possessing photos which contain a photo of minor children who are not the biological or adoptive children of the inmate. For relief, you request the Institutional Supplement and SOMP Handbook be changed.

Our review of your appeal reveals that the Warden and Regional Director adequately addressed the issues raised in your lower level filings and we concur with the responses provided. The Warden has the discretion to prohibit access to items when it is determined to jeopardize the safety, security, and orderly operation of the facility. We find this use of discretion to be of sound correctional judgement in a facility that operates a Sex Offender Management Program. You provide no new evidence that proves staff members are acting contrary to established policy and procedures or outside the scope of their duties.

Accordingly, your appeal is denied.


3|2|18
---------
Date

_____
Ian Connors, Administrator
National Inmate Appeals

Brian Culver 26299-001
Federal Correctional Institution
Po Box 7007
Marianna, FL 32447

Clerk, U.S. District Court
30 Government Street
Panama City, FL 32401-27

CHECKED JUN 09 2018




