IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| BRIAN CULVER,<br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS;<br>SHANNON D WITHERS, Warden;<br>STEPHANIE RUSH, Chief Psychologist;<br>RAMON RIVERA, SOMP Coordinator;<br>MICHELLE PROULX, SOMP Psychologist;<br>ADAM McCORD, SCSS (Acting Warden);<br>et. al.<br>   Defendants | AMENDED COMPLAINT<br>Case No. 5:18-CV-160-MCR/HTC |

## I. JURISDICTION AND VENUE

1. This civil action is being brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics 403 U.S. 388 (1971) and the Administrative Procedures Act [5 U.S.C. 706]. Plaintiff seeks declaratory relief pursuant 28 U.S.C. Section 2201 and 2202. Plaintiff seeks injunctive relief authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Federal Court for the Northern District of Florida is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to the claims occurred.

## II. PLAINTIFF

3. Plaintiff, Brian Culver, is and was at all times mentioned herein a prisoner of the United States of America in the custody of the United States Federal Bureau of Prisons. Plaintiff is currently confined at USP Yazoo City at the time of the submission of this amended complaint but was confined at FCI Marianna for all of the events that give rise to this action.

## III. DEFENDANTS

4. Defendant, Shannon D. Withers, is the warden at FCI Marianna. He is legally responsible for the overall operations of FCI Marianna.

5. Defendant, Stephanie Rush, was the chief psychologist at FCI Marianna. She was legally responsible for the overall operations of the psychology department.

6. Defendant, Ramon Rivera, is the SOMP (Sex Offender Management Program) coordinator at FCI Marianna. He is legally responsible for the overall operations of the SOMP.

7. Defendant, Michelle Proulx, is the SOMP psychologist at FCI Marianna. She is legally responsible for the welfare and treatment of inmates who are in the SOMP.

8. Defendant, Adam McCord, is the SCSS at FCI Marianna and was "Acting Warden" at the time pertinent events took place which gave rise to this civil action.

9. Each defendant is sued individually and in his or her official capacity.

## IV. FACTS

10. The Federal Bureau of Prisons created a Sex Offender Management Program (SOMP) to assist in the effective management of its population of sexual offenders and to provide services that minimize this population's risk for sexual re-offense. FCI Marianna is designated as a SOMP institution.

11. A primary goal of SOMP institutions is to reduce the need to place sexual offenders in protective custody, and to create an institutional climate conducive to voluntary participation in treatment. SOMP is not treatment but is only a management program used by the Federal Bureau of Prisons.

12. A key component of SOMP is "risk management". Risk management services are designed to reduce the likelihood that sexual offenders in Bureau institutions engage in future acts of a sexually offensive nature. Risk is determined by an Initial Risk Assessment which is used to guide treatment and management decisions. Effective management of sexual offenders in prison requires accurate assessment of risk relevant behavior.

13. Risk relevant behavior is an individualized determination and is defined as institutional behavior related to an individual's sexual offending history that indicates risk of future sexual offending upon release. When an individual has been found to be engaging in behavior that is risk relevant for him, he may be placed on a Correctional Management Plan (CMP). When one is placed on a "CMP", personal property may be restricted. Examples of categories of personal property subject to restrictions for one on a "CMP" include: Items that may be used as sexual paraphernalia such as photos or drawings depicting adults or children in sexually explicit or suggestive poses or situations; materials that promote the sexual exploitation of children; or written correspondence in which individuals are discussed in a sexual way.

14. When and if one is placed on a "CMP", the plan must comply with the procedures set forth in the Bureau's program statement PS 5266.1 and/or PS 5580.08 which only allow restrictions that have to do with nudity or sexually explicit material.

15. Plaintiff has never been placed on a "CMP" nor has plaintiff ever engaged in risk relevant behavior or possessed sexually explicit material and/or materials containing nudity during his 12+ years of incarceration in the Federal Bureau of Prisons.

16. Plaintiff's initial risk assessment upon arrival at FCI Marianna included a "Static 99". A Static 99 is an assessment tool used to determine the likelihood of recidivism based upon an offender's offense conduct and history. The lower the score on the Static 99, the less likely one is to re-offend. Plaintiff's score on the Static 99 was a "0" (zero).

17. Under the Bureau of Prison's SOMP policy, each institution is required to have an institutional supplement which reflects that institution's unique characteristics and specifies how it will monitor inmates for risk relevant behavior.

18. Defendants Ramon Rivera and Michelle Proulx created a policy and practice that goes beyond the scope of the Bureau of Prisons's SOMP policy. The policy and practice these defendants created does not "Monitor" but "Bans". Ramon Rivera and Michelle Proulx exceeded the scope of their jobs by creating "policy". Said policy is not only unconstitutional but it exceeds the authorization the BOP gives institutions under the BOP SOMP program statement.

2

19. The policy and practice implemented by defendants Rivera and Proulx bans all photos of any minor child who is not the biological or adopted child of the inmate if the inmate is labeled a "sex offender" regardless of the specifics of the inmate's sex offense. This includes inmates who have no minor victims in their background. This ban does not apply to inmates at Marianna who are not labeled "sex offenders".

20. Defendants Shannon Withers and Stephanie Rush allowed this policy to be implemented and enforced.

21. The defendants in this case have mixed and matched the standards of "Risk Relevant" and "Safety and Security of the Institution" to justify the implementation of this capricious policy. Risk relevant is an individualized determination which can not be in a policy that applies to everyone. "Safety and Security of the Institution" covers the entire institution. If a particular type of picture jeopardizes the safety and security of the institution, then that picture would jeopardize the safety and security of the institution regardless of who was in possession of the picture and regardless of the family relationship to the inmate.

22. Based upon this capricious policy, appropriate pictures of the plaintiff's family were rejected (Exhibits A1-A3).

23. When plaintiff attempted to informally resolve the situation, Defendant Adam McCord responded by insinuating that somehow plaintiff's family pictures were rejected because they were "Sadomasochistic", involved "Bestiality" and/or were sexually explicit "Involving Children" (Exhibits B1-B3).

24. The pictures which were rejected (Exhibits A1-A3) are of plaintiff's nephews. These family members are on plaintiff's approved visitation list and have visited plaintiff several times (Exhibit C).

25. Plaintiff alleges that there is no rational basis for rejecting appropriate family pictures and all of the defendants named in this action acted outside of the scope of the Federal Bureau of Prison's policy.

26. Upon information and belief, no other SOMP institution within the Bureau of Prisons has a policy that rejects all family photos of minors simply because one is labeled a "sex offender". FCI Marianna does not have any unique characteristics that make such a restriction necessary.

27. Defendant Proulx stated she "wrote the policy" which is outside the scope of her duties. Writing policy exceeds the scope of defendant Proulx's duties. Defendant Proulx misused her credentials to fabricate and justify a need for the absurd policy. There is no research or facts which can support such a policy.

28. Plaintiff alleges there were already appropriate means in place at FCI Marianna and within the Federal Bureau of Prison's policies to address any situation concerning inappropriate photographs.

29. Plaintiff was placed on a de facto "CMP" Correctional Management Plan for no valid reason.

30. Plaintiff alleges that there is no rational nexus between one having appropriate family photos and any risk of recidivism. Plaintiff further states that he essentially has life in prison and recidivism is a moot point in his case. Plaintiff alleges the defendants willfully misused the term "risk relevant" as a tactic to discredit any complaint which is made against their capricious actions.

31. The Federal Bureau of Prison's policy specifically states: "Ordinarily photographs, particularly those of family and friends are approved, since they represent meaningful ties to the community" [PS 5580.08 2. (h)]

32. Plaintiff alleges that the defendant's actions and Marianna's local policy is not related to any legitimate penological or therapeutic interest and is capricious. The Bureau of Prisons has allowed Marianna to go rogue.

## V. EXHAUSTION OF LEGAL REMEDIES

33. Plaintiff, Brian Culver, used the prison grievance procedure to try and solve this problem. A BP-8 was submitted on August 16, 2017. Plaintiff received the response on August 24, 2017 (Exhibits B1-B2) Plaintiff filed a BP-9 which was received on September 14, 2017 (Exhibit D). Plaintiff filed a BP-10

3

which was received on October 10, 2017 (Exhibit E). Plaintiff filed a BP-11 which was receive on February 20,2018 (Exhibit F). The final response to all of plaintiff's administrative remedies was received by the plaintiff on March 2, 2018 (Exhibit G). Plaintiff has exhausted all of his administrative remedies.

## VI. LEGAL CLAIMS

34. Plaintiff re-alleges and incorporates by reference paragraphs 1-33.

35. The defendants in this case stepped outside of their official roles when they created and implemented a policy that bans all of plaintiff's family photos if they contain a minor in them unless the minor is the biological or adopted child of the minor. The defendant's actions were not authorized by the Federal Bureau of Prisons' SOMP policy and it violates plaintiff's Constitutional rights.

36. When defendants took it upon themselves to "punish" plaintiff for no other reason than his criminal conviction, defendants violated plaintiff's Constitutional right to be free from ex post facto punishment. Plaintiff has already received punishment for his crimes and it did not include mandatory programming (SOMP) or restrictions like those imposed by the defendants in this case. Black's Law Dictionary defines punishment as the deprivation of liberty or property. Plaintiff is being deprived of property for no valid reason other than his conviction. It is not within the scope of defendant's duties to impose additional punishment unless the plaintiff has done something that warrants the punishment or unless it is related to a legitimate therapeutic or penological objective. In this case it is not. It is based solely upon the label that plaintiff's conviction carries. This is additional punishment "after the fact" which is an ex post facto violation.

37. The policy and practice and the behavior of the defendants is arbitrary, capricious and an abuse of discretion. The policy and practice and the behavior of the defendants violates plaintiff's Constitutional rights under the First Amendment of the United States Constitution. Photographs are protected by the First Amendment. [Kaplan v. California, 413 U.S. 115 (1973)] "A prison regulation that impinges upon freedoms protected by the Federal Constitution's First Amendment is invalid if the regulation is (1) not reasonably related to legitimate penological interest or (2) an exaggerated response to such objective". [Beard, SEC Penn. Dept. of Corr. v. Banks, 548 U.S. 521 (2006)] The policy and actions of the defendants are not based on a legitimate penological interest and are an exaggerated response. Rather than placing individuals who engage in "risk relevant" behavior on Correctional Management Plans, Defendant Proulx (specifically) and the other defendants placed everyone at FCI Marianna who has the label of sex offender on a de facto Correctional Management Plan. This violates due process and was an exaggerated response to a problem.

38. As a result of plaintiff being placed on a de facto Correctional Management Plan, plaintiff is forbidden from ever having family photos of any kind if the photo contains a minor that is not the plaintiff's biological or adopted child. All future family photos with a minor in them (including Christmas Cards, birth announcements, family group pictures, etc..) will be considered "contraband" and/or "risk relevant" before the picture is even seen or before the inmate's institutional conduct and individual offense history is taken into consideration. This violates the United States Constitution's due process clause.

39. This policy and practice and the actions of the defendants violates the Equal Protection Clause of The United States Constitution because it treats plaintiff differently than other inmates who are at FCI Marianna for safety reasons. Plaintiff is at FCI Marianna for his safety, not because he has been involved in any "risk relevant" behavior that requires special monitoring. Plaintiff is in the same situation as other inmates who are at FCI Marianna for their safety such as: Transgenders, Informants, and Gang Drop-Outs. None of these other protective custody inmates have restrictions on appropriate family photos. The similarly situated inmates in this case are the protective custody inmates at FCI Marianna and there is no valid reason to institute a blanket ban based upon nothing more than unfounded bias for one's label.

4

40. Plaintiff claims the policy and practice, the behavior of the defendants, and the Bureau of Prisons' SOMP can be viewed as a form of extortion. Black's Law Dictionary defines extortion as the offense committed by a public official who illegally obtains property under the color of office. The Bureau of Prisons created SOMP as an alternative to sex offenders spending time in the SHU (Special Housing Unit) due to safety issues and being victimized. In order for plaintiff to be safe and avoid spending his incarceration time in the "SHU", he has to essentially pay for this safety and privilege by giving up something. If this was another inmate demanding this price for safety, it would be clear a case of extortion. Inmates who are not labeled a sex offender do not have to pay for their safety by giving up personal property. This is an equal protection violation and unconstitutional. If the policy is viewed as extortion, it also violates statutes.

41. All of the defendants listed in this action stepped outside of the Bureau of Prisons' policy and targeted plaintiff for no valid penological or therapeutic reason. The defendant's actions were not based upon any fact base reason and was an exaggerated response based upon nothing more than a bias for plaintiff's label. Forbidding plaintiff from having appropriate family photos (which represent meaningful ties to his community and family) for no valid reason constitutes cruel and unusual punishment with is forbidden under the Eighth Amendment of the United States Constitution. While plaintiff concedes that a Bivens action cannot be maintained when one is following policy, this case presents a case where rogue officers held the pen that made the rogue policy therefore they should be held liable for their actions. Defendants Rush, Rivera, and Proulx are psychology professionals who recklessly and purposefully misused a clinical determination "risk-relevant" to achieve their own personal agendas based upon personal bias. If viewed in the same light as medical malpractice, it shows a willful disregard for plaintiff's mental well-being by putting an unwarranted barrier between the plaintiff and his family support system.

42. All defendants in this case acted deliberately and vindictively despite the fact they knew their actions violated established Bureau of Prisons' policy and the Constitutional rights of the plaintiff. The defendants hid behind their pens and rogue policy to willfully violate plaintiff's First Amendment rights, plaintiff's right to equal protection, plaintiff's right to due process, plaintiff's right to be free from cruel and unusual punishment, and plaintiff's right to be free from ex post facto punishment.

43. The policy which bans all of plaintiff's family photos if they contain a minor in them who is not the biological or adopted child of the plaintiff is capricious, unwarranted, and violates the United States Constitution. While prison may limit many of plaintiff's Constitutional rights, prison walls do not form a barrier between the plaintiff and the United States Constitution.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

44. A declaration that the acts and omissions described herein violated plaintiff's rights and the policy and practice of banning family photos simply because the photo contains a minor who is not plaintiff's biological or adopted child is a violation of the constitution and laws of the United States and/or is an exaggerated unwarranted response.

45. A preliminary and permanent injunction ordering all of the defendants to cease the practice of banning family photos simply because they contain a minor who is not the plaintiff's biological or adopted child and to revise Marianna's Institutional Supplement to remove this provision.

46. Compensatory damages in the amount of $1 (one dollar) against each defendant, jointly and severally.

47. Punitive damages in the amount of $100 (one hundred) against each defendant.

48. A jury trial on all issues triable by jury.

49. Plaintiff's cost in this suit.

50. Any and all additional relief this court deems just, proper, and equitable.

DATE: 7-9-19

RESPECTFULLY SUBMITTED BY _____
Brian Culver

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at USP Yazoo City, Yazoo City, Mississippi, on 7-9-19

Brian Culver

CERTIFICATE OF SERVICE

I, Brian Culver, certify that a true and accurate copy of this AMENDED COMPLAINT was served on:

    U.S. Attorney's Office
    Attn: Herbert S. Lindsey
    111 N Adams Street
    Tallahassee, FL 32301

by placing said copy in the legal mail system here at USP Yazoo City on this 10TH day of July 2019 with postage paid.

Brian Culver 26299-001
USP Yazoo City
PO Box 5000
Yazoo City, MS 39194

6



CHECKED JUL 15 2019

Brian Cleaver 26299-001
United States Penitentiary
PO Box 5000
Yazoo City, MS 39194

U.S. District Court
Office of The Clerk
100 North Palafox Street
Pensacola, FL 32502

◇26299-001◇
U S District Court
Office of the Clerk
100 N Palafox ST
Pensacola, FL 32502
United States

FEDERAL CORRECTIONAL COMPLEX
P.O. BOX 5666
YAZOO CITY, MS 39194

THE ENCLOSED LETTER WAS PROCESSED ON 10 JUL 19 THROUGH SPECIAL MAILING PROCEDURES.

The letter has neither been opened or inspected if the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

