UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN CULVER,

    Plaintiff,

v.                                         Case No. 5:18cv160-TKW-HTC

FEDERAL BUREAU OF PRISONS (BOP), et al.,

    Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF Doc. 40) and Plaintiff's opposition (ECF Doc. 42). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions and the relevant law, the undersigned respectfully recommends that Plaintiff's claims for monetary damages as to all defendants be dismissed as not cognizable under *Bivens*.[1] Additionally, the undersigned orders Plaintiff to show cause why his claims for injunctive and declarative relief should not be dismissed as moot.

---

[1] *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), recognizing a cause of action against federal agents for violation of the Fourth Amendment.

I.   BACKGROUND

Plaintiff is an inmate of the Federal Bureau of Prisons ("BOP") currently confined at UPS Yazoo City. His claims are based on events that took place while he was confined at the Federal Correctional Institution in Marianna, Florida ("FCI Marianna"). Plaintiff's amended complaint (ECF Doc. 37) names six Defendants: the Federal Bureau of Prisons; Shannon D. Withers, warden of FCI Marianna; Stephanie Rush, former chief psychologist at FCI Marianna; Ramon Rivera, Sex Offender Management Program ("SOMP") coordinator at FCI Marianna; Michelle Proulx, SOMP psychologist at FCI Marianna; and Adam McCord, SCSS at FCI Marianna and former acting warden. Plaintiff brings this action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) and the Administrative Procedures Act (APA). Plaintiff alleges that an FCI Marianna SOMP institution supplement, which bars Plaintiff from having any photos of minors who are not his children, violates the *ex post facto* clause and his First Amendment, due process, equal protection, and Eighth Amendment rights. Additionally, Plaintiff claims the FCI Marianna supplement violates BOP policy. The photos at issue are of his nephews. Plaintiff seeks declaratory relief, preliminary and permanent injunctions, compensatory damages of $1, punitive damages of $100 assessed against each Defendant, and a jury trial on all triable issues.

Plaintiff's amended complaint sets forth the factual allegations that follow, the truth of which are accepted for purposes of this Report and Recommendation. FCI Marianna is designated as a SOMP institution, which means that one of its primary goals is the reduction of recidivism among sex offenders by identifying risk relevant behavior and properly managing it.[2] If an inmate engages in risk relevant behavior, he can be placed on a Correctional Management Plan ("CMP") and sexually explicit materials can be confiscated from him. Plaintiff was not placed on a CMP while at FCI Marianna, nor has he engaged in risk relevant behavior. Plaintiff claims that by preventing him from having photos of his nephews, Defendants have placed him on a *de facto* CMP.

Plaintiff claims Defendants Rivera and Proulx exceeded the scope of their BOP authority when they created FCI Marianna's SOMP supplement. Plaintiff claims the supplement is both unconstitutional and unauthorized because it prohibits all sex offender inmates from possessing photos of any minor child who is not the biological or adopted child of that inmate, and the policy does not apply to non-sex offenders. Plaintiff asserts that there is no rational basis for rejecting appropriate family photos and BOP policy specifically states, "[o]rdinarily photographs,

---

[2] Plaintiff is subject to SOMP because he was found guilty after a jury trial of five counts of enticing a minor to engage in sexually explicit conduct for purposes of producing a video. *See United States v. Culver*, United States District Court for the Northern District of Alabama, Case No. 5-07-cr-0009.

Case No. 5:18cv160-TKW-HTC

particularly those of family and friends are approved, since they represent meaningful ties to the community." Yet, under FCI Marianna's SOMP supplement, Plaintiff is prohibited from possessing photos of his nephews. Prior to filing this suit, Plaintiff filed a grievance and an appeal through the prison grievance procedure at FCI Marianna; his grievance and appeal were both denied. Plaintiff also appealed to the Central Office in Washington, D.C.; that appeal was similarly denied.

## II. LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted). As the Supreme Court reiterated in *Ashcroft v. Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. 662, 678 (2009). A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    LEGAL ANALYSIS

#### A.    Plaintiff's Claim for Monetary Damages Under *Bivens*

Defendants have moved to dismiss Plaintiff's claims for monetary damages on the ground that they are not cognizable under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 402 U.S. 388 (1971). ECF Doc. 40 at 4. In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights," specifically for violation of the Fourth Amendment. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). In recent years, however, the Supreme Court has narrowed the application of *Bivens* and "rejected the claim that a *Bivens* remedy should be implied simply for want of any other means for challenging a constitutional deprivation in federal court." *Id.* at 69. Indeed, the Supreme Court has recognized a *Bivens* remedy in only two other contexts: (1) a Fifth Amendment equal protection claim against a Congressman for gender-based employment discrimination, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) an Eighth Amendment claim against federal prison officials for failing to adequately treat an inmate's medical condition, *Carlson v. Green*, 446 U.S. 14 (1980).

When determining whether a *Bivens* claim may proceed, courts must first consider whether the claim extends *Bivens* to a new context. If a case differs in a meaningful way from previous *Bivens* cases decided by the Supreme Court, the

context is new. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859 (2017). In *Ziglar*, the Court explained as follows:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1860.

If the claim would extend *Bivens* to a new context, courts must conduct a "special factors" analysis. Supreme Court precedent makes it "clear that a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* at 1857 (quoting *Carlson*, 446 U.S. at 18). "[T]he inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857-58. "[T]he decision to recognize a damages remedy requires an assessment of its impact on governmental operations systemwide[,]" including "the burdens on Government employees who are sued personally, as well as the projected costs and consequences to the Government itself when the tort and monetary liability mechanisms of the legal system are used to bring about the proper formulation and implementation of public policies." *Id.* at 1858.

Case 5:18-cv-00160-TKW-HTC   Document 43   Filed 09/24/19   Page 7 of 18

Page 7 of 18


Here, Plaintiff's First Amendment claim clearly presents a new *Bivens* context because the constitutional right at issue differs from those in *Bivens* (Fourth Amendment), *Passman* (Fifth Amendment) and *Carlson* (Eighth Amendment). *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.") (citations omitted); *Andrews v. Miner*, 301 F. Supp. 3d 1128, 1133 (N.D. Ala. 2017) (holding prisoner's First Amendment claim "presents a new *Bivens* context under Supreme Court jurisprudence" and noting "[t]he most significant difference from prior Supreme Court cases recognizing a *Bivens* right of action is the constitutional right at issue").[3]

Additionally, although *Passman* involved a Fifth Amendment claim and *Carlson* involved an Eighth Amendment claim, Plaintiff's due process, equal protection, and Eighth Amendment claims are materially different from the claims in those cases.[4] The FCI Marianna supplement prohibiting sexual offenders from possessing photos of non-biological or adopted children is substantially different

---

[3] Although *Hartman v. Moore*, 547 U.S. 250 (2006), is a case involving a First Amendment retaliatory prosecution case, the Court did not specifically address whether such a claim was cognizable under *Bivens* as the issue before the Court was whether plaintiff had to plead and prove the absence of probable cause to state a claim.

[4] Even if Plaintiff's particular allegations under the Eighth Amendment were cognizable under *Bivens*, his claims would still be subject to dismissal on the merits. Specifically, "the Constitution does not mandate comfortable prisons" or prisons that are "free from discomfort." *See Rhodes v. Champan*, 452 U.S. 337, 349 (1981). Instead, only "'extreme deprivations . . . make out a conditions-of-confinement claim' under the Eighth Amendment." *See Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004). Here, Plaintiff's inability to have photos of his nephew does not rise to the level of extreme deprivation.

Case No. 5:18cv160-TKW-HTC

from firing an employee based on her sex (*Passman*) or failing to properly treat an inmate's medical condition, leading to his death (*Carlson*). See *McRae v. Lockett,* No. 5:17-cv-299-Oc-02PRL, 2019 WL 2303264, at *5-6 (M.D. Fla. May 30, 2019) (finding, after *Ziglar*, inmate's "First and Fifth Amendment claims [for withholding his mail, restricting his visitors, and placing him in segregated housing, among other allegations] present a new *Bivens* context," and that alternative processes and special factors counsel against extending *Bivens*); *Banks v. LaRose*, No. 4:17CV2479, 2018 WL 1942195, at *3 (N.D. Ohio Apr. 25, 2018) (finding a new *Bivens* context for an inmate asserting an equal protection claim based on classification of "prisoners in segregation versus those . . . held in the general prison population"); *Buenrostro v. Fajardo*, No. 1:14-cv-00075, 2017 WL 6033469, at *3 (E.D. Cal. Dec. 5, 2017) ("The Supreme Court has never recognized a *Bivens* remedy for a Fifth Amendment due process claim relating to the alleged failure of a prison official to provide due process."), *aff'd* 2019 WL 2207662 (9th Cir. May 22, 2019); *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 63–64 (E.D.N.Y. 2017) (finding, where plaintiff allegedly suffered insufficient outdoor recreation time, insufficient cleaning supplies, insufficient dental care, dirty clothing, dirty razors, and placement in segregated housing, that "[p]laintiff's Eighth Amendment claim . . . fails because there is no available *Bivens* remedy for the conduct at issue. [And] plaintiff's facts are significantly different" from *Carlson*), *aff'd*, 755 F. App'x 67 (2d Cir. 2018).

Case No. 5:18cv160-TKW-HTC

The Supreme Court has not extended *Bivens* to the type of claims that Plaintiff brings. Even when viewing the evidence in the light most favorable to Plaintiff, Plaintiff's claims constitute an extension of *Bivens*. *See Ziglar*, 137 S. Ct. at 1864 (holding, even if a "case has significant parallels to one of the [Supreme] Court's previous *Bivens* cases," "a modest extension is still an extension").

Turning to the "special factors" analysis, several factors weigh against creating a *Bivens* remedy for Plaintiff's claims. First, extending a *Bivens* remedy to claims based on the management of sex offenders could be disruptive to prison administration, and courts must show deference to prison officials. *See Davila v. Gladden*, 777 F.3d 1198, 1206 (11th Cir. 2015) ("We are quite mindful that for prisons, we must afford due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.") (citation and quotation omitted). The Eleventh Circuit has accorded "wide-ranging" and "substantial" deference to prison administrators in their execution of policies and practices that they consider necessary to preserve internal order and discipline and to maintain institutional security, *Al–Amin v. Smith*, 511 F.3d at 1328 (11th Cir. 2008), in light of "the complexity of prison management, the fact that responsibility therefore is necessarily vested in prison officials, and the fact that courts are ill-equipped to deal with such problems*." Lawson v. Singletary*,

85 F.3d 502, 510 (11th Cir. 1996); *see also Turner v. Safley*, 482 U.S. 78, 84-86 (1987) ("[C]ourts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.").

Second, alternative remedies are available to Plaintiff. *See Ziglar*, 137 S. Ct. at 1865 ("[T]he existence of alternative remedies usually precludes a court from authorizing a *Bivens* action."). Plaintiff can, and did, pursue relief through the BOP's grievance process and through claims for injunctive relief. *See Pinkney v. Lockett*, Case No. 5:16-cv-00103-Oc-02PRL, 2019 WL 1254851, at *5-7 (M.D. Fla. Mar. 19, 2019) (holding *Bivens* did not extend to federal inmate's First Amendment retaliation claim; noting "Plaintiff arguably had alternative remedies available to him in the form of a suit for injunctive relief and the BOP grievance process").

Third, Congress has declined to provide federal prisoners with a damages remedy. *See Ziglar*, 137 S. Ct. at 1865 ("[L]egislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation."). When "Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court[,]" it "had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs[,]" but "the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases

involving other types of prisoner mistreatment." *Id.* Congress's refusal to enact a damages remedy for federal prisoners counsels against the Court implying one here.

Finally, the Supreme Court has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1857 (citation omitted). The Supreme Court "has consistently refused to extend *Bivens* to any new context or new category of defendants." *Id.* Accordingly, for the reasons discussed above, the undersigned recommends a dismissal of Plaintiff's constitutional claims for monetary damages against the Defendants.

      B.    Plaintiff's *Ex Post Facto* Clause Claim

Plaintiff's *ex post facto* claim should also be dismissed on its merits as it is inapplicable here. "An ex post facto claim can only be successful if the law is criminal i.e., can be characterized 'as a punishment' in the constitutional sense." *See Manocchio v. Kusserow,* 961 F.2d 1539, 1541 (11th Cir. 1992). Here, the FCI Marianna institutional supplement is not a "law," and even if it was, it cannot be characterized as a punishment. To determine whether a law imposes a punishment, the court looks first to legislative intent. If no such intent is expressed, then the court looks to determine whether the statutory scheme is so punitive that it negates the stated civil intent. *See U.S. v. W.B.H.*, 664. F.3d 848, 853 (11th Cir. 2011); *Thompson v. Alabama,* 293 F.Supp.3d 1313, 1329 (M.D. Ala. 2017). The intent behind the SOMP, as stated by Plaintiff, is to reduce recidivism in sexual offenders, rather than

to punish. Moreover, the prohibition against pictures of children by sexual offenders is not so punitive as to negate that intent. Accordingly, Plaintiff has failed to state a claim under the *ex post facto* clause.

### C. APA Monetary Damages Claims

Plaintiff also seeks damages under the APA, alleging Defendants' policy, practice, and behavior is arbitrary, capricious, an abuse of discretion, and unconstitutional. ECF Doc. 37 at 4; 5 U.S.C. § 706(2)(A) – (B). The APA, however, expressly prohibits money damages claims against the United States or an agency, officer, or employee thereof. *See* 5 U.S.C. § 702; *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255 (1999); *Smith v. Washington Heights Apartments, Ltd.*, 794 F. Supp. 1141, 1143 (S.D. Fla. 1992) (holding that a money damages claim against federal defendants under the Administrative Procedure Act was "barred by the express terms of the APA."). Thus, Plaintiff's claims for money damages under the APA should be dismissed.

### D. SOMP Institution Supplement Claim

To the extent Plaintiff claims that the FCI Marianna institution supplement violates a BOP policy or the Constitution, those claims are also subject to dismissal. First, because a BOP policy is not a substantive law, a violation of a BOP policy does not equate to a violation of federal law. *See Reeb v. Thomas,* 636 F.3d 1224, 1227 (9th Cir. 2011); *see also United States v. Craveiro,* 907 F.2d 260, 264 (1st Cir.

1990) ("the internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on any party").

Second, the institution supplement at issue passes constitutional muster under the reasonableness standard set forth by the Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987). A reasonableness standard asks whether a prison regulation that impinges on inmates' constitutional rights is "reasonably related" to legitimate penological interests. *Turner*, 482 U.S. at 78. The reasonableness standard considers the following four factors, (1) whether there is a "valid, rational connection" between the regulation and a legitimate and neutral governmental interest; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, on inmates' liberty, and on the allocation of limited prison resources; and (4) whether the regulation represents an "exaggerated response" to prison concerns. *See Turner*, 482 U.S. at 78–79.

The burden "is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). This is a very tough burden for prisoners to meet because of the high deference courts afford to prison officials under this test. *See Lemcool v. Fla. Dep't of Corr.*, 543 F. App'x 909, 912 (11th Cir. 2013) (holding, prison policy prohibiting tarot cards was

"rationally related to a legitimate government interest: prison security"); *Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 686-87 (11th Cir. 2005) (holding, prison policy prohibiting inmates from removing their shoes before entering prison chapel was reasonably related to legitimate penological interests).

Each of those factors weigh in favor of the Defendants. First, there is a valid rational connection between the institutional supplement and a legitimate governmental interest i.e., to reduce recidivism among sexual offenders. Second, although Plaintiff cannot keep receive pictures of non-biological children, he is not prohibited from receiving pictures of other adult family members and friends. Third, given the limited prison resources and the potential for abuse, prison officials simply have no way to legitimately and efficiently confirm whether a child is a family member. Fourth, for the reasons set forth above, the prison's response is not "exaggerated," particularly as to sexual offenders whose sexual offenses involve minor children.

### E. Plaintiff's Claim for Extortion

In paragraph 40 of his amended complaint, Plaintiff alleges that Defendants' conduct and the BOP's SOMP "can be viewed as a form extortion," and then cites to Black's Law Dictionary as defining extortion as "an offense committed by a public official who illegally obtains property under color of office." ECF Doc. 37

at 5. In Plaintiff's opposition to Defendants' motion to dismiss, Plaintiff argues that his extortion claim should survive because it was not addressed by Defendants.

Defendants do not need to address Plaintiff's extortion claim, because it is not a claim under which Plaintiff can seek relief. Putting aside the lack of facts to support a claim for extortion, extortion is a criminal offense and does not provide a civil basis for relief. In other words, Plaintiff cannot seek relief for a constitutional violation based on extortion. To the extent he was deprived of property i.e., the photographs, such a claim is a due process claim and as set forth herein is not cognizable under *Bivens*.

F.     Plaintiff's Claims for Injunctive and Declaratory Relief

In addition to seeking monetary relief, Plaintiff also seeks injunctive and declaratory relief under *Bivens* and the APA. *See Bivens*, 403 U.S. at 400 (Harlan, J., concurring) (noting the presumed availability of injunctive relief as fatal to the government's argument that suit depends on the passage by Congress of legislation creating a federal right of action); *see also Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000); *Vieux v. Fed. Bureau of Prisons*, 2016 WL 4070138, at *2 (N.D. Ala. July 29, 2016) ("the Eleventh Circuit Court of Appeals has implicitly recognized [in *Bolin*] that a *Bivens* plaintiff may pursue a claim for prospective injunctive relief"). Although injunctive relief may be available, in this particular case, such relief has been mooted by Plaintiff's transfer from FCI Marianna to UPS Yazoo City in

October 2018. ECF Doc. 10. *See Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) ("[A] transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief . . . ."); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.") (citation omitted); *McKinnon v. Talladega Cty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (holding inmate's transfer to a different jail mooted claim for declaratory and injunctive relief).

In Plaintiff's amended complaint, Plaintiff describes the SOMP supplement at issue as an FCI Marianna institutional supplement - specific to FCI Marianna. Plaintiff states that under the BOP's SOMP Policy, "each institution is required to have an institutional supplement which reflects that institution's unique characteristics and specifies how it will monitor inmates for risk relevant behavior." ECF Doc. 32 at 2. He sues Defendants Rivera and Proulx for creating the institutional policy at issue. *Id.* Additionally, he sues the BOP for allowing "Marianna to go rogue," and states that the policy is a "local policy." *Id.* at 3. There are no allegations that the same institutional policy exists at UPS Yazoo City. Indeed, based on Plaintiff's allegations, "no other SOMP institution with the [BOP] has a policy that rejects all family photos of minors simply because one is labeled a 'sex offender.'" *Id.* Moreover, the specific issue complained of is moot because it

appears that Plaintiff is allowed to possess photos of his nephews at UPS Yazoo City since he has attached the disputed photos of his nephews to his amended complaint (filed after he was transferred to UPS Yazoo City). ECF Doc. 37-1 at 1-3, 6.

Therefore, unless Plaintiff can show that there is a reasonable likelihood that he will be transferred back to FCI Marianna, *and* if transferred back, he would be subject to the same institution supplement, he is not entitled to injunctive or declaratory relief. *See Murphy v. Hunt,* 455 U.S. 478, 482 (1982) (holding, "the capable of repetition, yet evading review exception" will be applied, as long as the action is not a class-action lawsuit, if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again.") (citations omitted).

### IV. CONCLUSION

Accordingly, it is ORDERED:

1. Within **fourteen (14) days** from the date of this order, Plaintiff shall show cause why his claims for injunctive relief should not be dismissed as moot.

And it is RECOMMENDED:

1. That Plaintiff's claims for monetary relief against Defendants be

DISMISSED for failure to state a claim.

At Pensacola, Florida, this 24th day of September, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.