UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN CULVER,

    Plaintiff,

v.                                                Case No. 5:18cv160-TKW-HTC

FEDERAL BUREAU OF PRISONS
(BOP), et al.,

    Defendants.
_____/

## SECOND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's claim for injunctive and declaratory relief. Upon consideration, the undersigned recommends Plaintiff's claims for declaratory and injunctive relief be dismissed because this Court has already determined that the Sexual Offender Management Program ("SOMP") institution supplement at issue is constitutional.[1]

### I. BACKGROUND

Plaintiff is an inmate of the Federal Bureau of Prisons ("BOP") currently confined at USP Yazoo City. The crux of Plaintiff's complaint is that Defendants have violated his constitutional rights by prohibiting him from possessing

---

[1] The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

photographs of his nephew while he was at FCI Marianna. Plaintiff sues five individual defendants and the BOP under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Specifically, Plaintiff takes issue with an FCI Marianna SOMP institution supplement which bars Plaintiff from having any photos of minors who are not his children.

On June 18, 2019, the Defendants filed a motion to dismiss Plaintiff's monetary claims on several grounds, including that the claims were not cognizable under *Bivens*, and even if they were, the SOMP institution supplement at issue is not unconstitutional. Defendants did not address Plaintiff's claims for nonmonetary relief, other than to say that claims for injunctive relief are cognizable under the APA and *Bivens*.

After considering the parties' written submissions, the undersigned entered an Order and Report and Recommendation, recommending that Plaintiff's monetary claims be dismissed. ECF Doc. 43. Among other findings, the undersigned found that Plaintiff's claims for monetary relief were not cognizable under *Bivens* and, even if they were, that the SOMP supplement at issue was constitutional. *Id.*

As to Plaintiff's claims for declaratory and injunctive relief, the undersigned ordered Plaintiff to show cause why these claims were not mooted by Plaintiff's transfer from FCI Marianna, particularly given that the SOMP at issue was an institution specific supplement. *Id.* Furthermore, based on Plaintiff's subsequent

Case No. 5:18cv160-TKW-HTC

filings, Plaintiff has possession of photos of his nephew at FCI Yazoo City. In other words, as a threshold matter, if Plaintiff cannot show that there is a reasonable likelihood that he will be transferred back to FCI Marianna and would be subject to the same supplement upon his return, then his nonmonetary claims would be subject to dismissal on the ground of mootness. Although the undersigned asked Plaintiff to address the issue of mootness, mootness is just one factor the Court considers when determining whether Plaintiff has stated a claim for injunctive or declaratory relief.

## II.   LEGAL STANDARD FOR SCREENING

Under the Prison Litigation Relief Act ("PLRA"), the Court is obligated to dismiss an action by a prisoner, if at anytime, it determines the action is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings); *Little v. Mottern*, 2017 WL 934464, *10 (M.D. Pa. March 7, 2017); *Glenn v. Delbalso*, 2016 WL 930722, *2 (M.D. Pa. March 11, 2016). A dismissal under the PLRA can occur even after an initial screening and service of the complaint.

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485

(11th Cir. 1997). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Because this Court has already dismissed Plaintiff's claims for monetary relief, the only remaining claims for consideration are Plaintiff's claims for injunctive and declaratory relief.

### III.   LEGAL ANALYSIS

Plaintiff seeks a declaration that "the acts and omissions described herein violated plaintiff's rights and the policy . . . is a violation of the constitution and laws of the United States and/or is an exaggerated unwarranted response." ECF Doc. 37 at 5. Additionally, Plaintiff seeks an injunction ordering Defendants to stop "banning family photos simply because they contain a minor who is not the plaintiff's . . . child." *Id.*

As an initial matter, Plaintiff cannot obtain injunctive relief under the APA because Congress has specifically exempted BOP determinations under 18 U.S.C. § 3621(f)(1)(A) from the APA. *See* 18 U.S.C. § 3625; *Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000) (holding that, the BOP's determination under § 3621 was "not subject to judicial review"); *Wise v. Samuels*, No. 2:12CV696, 2014 WL 1280975, at *6 (E.D. Va. Mar. 26, 2014) (holding, in a case where officials had confiscated photos and other materials from an inmate who was incarcerated for sex offenses against a minor, that "[t]he determinations to remove the items from Plaintiff and to

Case No. 5:18cv160-TKW-HTC

discipline him for their possession . . . were made pursuant to sex offender treatment programs. . . . Therefore, these claims cannot be reviewed pursuant to the APA."). Section 3621(f)(1)(A) is the authority for the BOP's Sex Offender Management programs and provides that the BOP "shall establish non-residential sex offender management programs to provide appropriate treatment, monitoring, and supervision of sex offenders. . . ." 18 U.S.C. § 3621(f)(1)(A). Section 3621(f)(1)(A) is the authority for the SOMP institution supplement at issue.

Plaintiff also cannot state a cause of action under *Bivens* for injunctive relief regardless of whether he will be transferred back to FCI Marianna because for a court to grant injunctive relief under *Bivens* or its equity powers, there must be a constitutional violation. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim. . . ."); *Bell v. Hood*, 327 U.S. 678, 684 (1946) (recognizing the "jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution"); *Sibley v. U.S. Supreme Court*, 136 F. App'x. 252, 254 (11th Cir. 2005) ("Litigants may seek injunctive relief for violation of their federal constitutional rights . . . under 42 U.S.C. § 1983. . . . Furthermore, § 1983 has been applied to federal actors under *Bivens*."); *Del Raine v. Williford*, 32 F.3d 1024, 1043 (7th Cir. 1994) ("[I]n order to assert a claim in a *Bivens* action, there must be a constitutional violation at issue. . . .").

Here, this Court has already determined that the SOMP institution supplement at issue is not unconstitutional. After the undersigned issued her Report and Recommendation, Plaintiff filed an objection, specifically objecting to the undersigned's determination that "there is a valid connection between the institutional supplement and a legitimate government interest i.e., to reduce recidivism among sexual offenders." ECF Doc. 45 at 1. Although Plaintiff acknowledges the government has an interest in reducing recidivism, the Plaintiff argues the supplement is an "overbroad" and "exaggerated response." ECF Doc. 45 at 2. Plaintiff further argues that because he has a term of imprisonment of 60 years, a ban on his family photos "could not possibly have a legitimate government interest in reducing recidivism in this case." *Id.* Plaintiff's objection was, thus, based solely on the undersigned's finding that the supplement was constitutional. In adopting the undersigned's Report and Recommendation, however, this Court rejected Plaintiff's arguments, holding, instead, that "the challenged policy passes constitutional muster because it is reasonably related to legitimate penological interests." ECF Doc. 46 at 1.

Although Plaintiff argues as well that he should be able to proceed to discovery because there are facts which are in dispute, Plaintiff fails to identify those facts. Instead, he argues that there are other ways to reduce recidivism and that a sex offender should be on a correctional management plan before he is restricted

from having photographs of minors. Whether alternative means can be employed by the Defendants to also reduce recidivism, however, is not part of the *Turner* "reasonably related" test. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (setting forth factors to determine whether a regulation is reasonably related to a legitimate interest as necessary to pass constitutional muster); *Walker v. McCaughtry*, 141 F. App'x 460, 461 (7th Cir. 2005) (affirming dismissal of First Amendment claim and rejecting argument that prison must address compelling government interest through least restrictive possible means).

Because Plaintiff has failed to present facts sufficient to show a constitutional violation has occurred, Plaintiff cannot maintain a claim for injunctive relief. For the same reasons, Plaintiff cannot maintain a claim for declaratory relief, which is also necessarily premised on the establishment of a constitutional violation. Accordingly, Plaintiff's remaining claims should be dismissed. *See e.g., Williams v. Sec'y for Dept. of Corr.,* 131 F. App'x 682, 686 (11th Cir. 2005) (affirming dismissal of § 1983 claim alleging no rational connection between prison regulation prohibiting the removal of shoes with a legitimate governmental interest in maintaining safety and security); *Israel v. Cohn*, 6 F.App'x 348, 351 (7th Cir. 2001) (affirming *sua sponte* dismissal of § 1983 claim challenging regulation requiring prisoner to obtain approval of contact list before being allowed to make outgoing telephone calls).

## IV. CONCLUSION

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's claims for injunctive and declaratory relief be DISMISSED for Plaintiff's failure to state a claim.

2. That the clerk be directed to close this file.

At Pensacola, Florida, this 14th day of November, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.