[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 19-15160

_____

BRIAN SCOTT CULVER,

                                  Plaintiff-Appellant,

versus

SHANNON WITHERS,
STEPHANIE RUSH,
Chief Psychologist,
RAMON RIVERA,
SOMP Coordinator,
MICHELLE PROULX,
SOMP Psychologist,

                                  Defendants-Appellees.

| | | |
|---|---|---|
| 2 | Opinion of the Court | 19-15160 |

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:18-cv-00160-TKW-HTC

_____

Before WILSON, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

  Brian Culver, a federal prisoner currently incarcerated at Federal Correctional Institution Marianna, appeals the District Court's dismissal of his *pro se* amended complaint for declaratory, compensatory, punitive, and injunctive relief after the Marianna prison staff allegedly confiscated from Culver certain family photographs. Culver is serving a 720-month sentence in federal prison for five counts of producing child pornography. *See United States v. Culver*, 598 F.3d 740 (11th Cir. 2010). Culver alleges in his complaint that Marianna's Sex Offender Management Program ("SOMP") uniformly prohibits inmates labeled as "sex offenders" from possessing photographs containing images of a minor child unless the minor child is the biological or adopted child of the inmate. Pursuant to this policy, in 2017 Marianna allegedly confiscated from Culver family vacation photographs containing images of Culver's minor nephews fully clothed in a public place. These same minor nephews are allegedly on Culver's approved visitation list and have visited Culver in prison several times. Culver argues that Marianna's confiscation of these family photographs violated

19-15160              Opinion of the Court                3

his First Amendment right to communicate with family and friends, *see Pope v. Hightower*, 101 F.3d 1382, 1384–85 (11th Cir. 1996) (recognizing the right), and that Marianna's censorship of his incoming mail does not comply with the test set forth by the Supreme Court in *Turner v. Safley*, 482 U.S. 78, 89 (1987).

After the District Court dismissed Culver's *pro se* amended complaint, Culver appealed *pro se*. Based on the strength of Culver's *pro se* appellate brief, we *sua sponte* appointed Culver counsel and granted his request for oral argument. At oral argument, Culver's appointed counsel conceded Culver's claims for monetary damages, Oral Arg. at 2:15–3:01, and then persuasively argued that Culver's *pro se* amended complaint stated a plausible claim that Marianna's SOMP was unconstitutional as-applied to Culver and so Culver was entitled to injunctive relief. The Government's attorney then conceded that Culver stated a plausible claim for injunctive relief in his complaint. Oral Arg. at 14:20–15:40.

We agree with both Culver and the Government that Culver's *pro se* amended complaint states a plausible as-applied challenge to the constitutionality of Marianna's SOMP which, if successful, merits injunctive relief. *Pro se* filings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Culver's amended complaint clearly states that Marianna's SOMP "violates plaintiff's Constitutional rights under the First Amendment of the

Case 5:18-cv-00160-TKW-HTC   Document 69   Filed 07/27/22   Page 4 of 7
USCA11 Case: 19-15160   Date Filed: 07/27/2022   Page: 4 of 5

4                     Opinion of the Court                  19-15160

United States Constitution." Amended Complaint at 4, ¶ 37. Under our liberal standard of review for *pro se* complaints, this is more than enough to raise an as-applied challenge to the constitutionality of Marianna's SOMP.

Further, as we must "accept as true the allegations in the complaint," Culver's claim is clearly plausible. *Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1240 (11th Cir. 2022). Culver has a First Amendment right to communicate with his family, *Pope*, 101 F.3d at 1384–85, and so Marianna must show that its policy is "reasonably related to legitimate penological interests" under the test set forth in *Turner*. *Turner*, 482 U.S. at 89–91. At the motion to dismiss stage, we cannot say that there is a "valid, rational connection" to the Government's interest in preventing Culver from possessing family photographs of his fully clothed nephews when Marianna permits those same nephews to visit Culver in prison. *See id.* at 89. Nor can we adduce at this stage whether any alternative means exists by which Culver could exercise his First Amendment right nor what impact accommodating Culver's First Amendment right would have on the guards or other inmates. *See id.* at 90. And, finally, we cannot determine whether there are any ready alternatives to Marianna's policy. *Id.*

As we have explained before, as-applied challenges address whether "a statute [or policy] is unconstitutional on the facts of a particular case or to a particular party." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009) (quoting BLACK'S LAW DICTIONARY 223 (7th ed. 1999)). "Because such a challenge

Case 5:18-cv-00160-TKW-HTC Document 69 Filed 07/27/22 Page 5 of 7
USCA11 Case: 19-15160 Date Filed: 07/27/2022 Page: 5 of 5

19-15160  Opinion of the Court  5

asserts that a statute [or policy] cannot be constitutionally applied in particular circumstances, it necessarily requires the development of a factual record for the court to consider." *Id.* Culver has stated a plausible as-applied challenge to the constitutionality of Marianna's SOMP and so must be allowed to create a factual record.

Accordingly, we reverse the District Court's dismissal with prejudice of Culver's as-applied First Amendment challenge to Marianna's SOMP and remand for further proceedings not inconsistent with this opinion. We affirm the Court's dismissal with prejudice of all other claims raised in Culver's amended complaint.

**AFFIRMED IN PART, REVERSED IN PART.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 27, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-15160-CC
Case Style: Brian Culver v. Shannon Withers, et al
District Court Docket No: 5:18-cv-00160-TKW-HTC

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>each party to bear own costs</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at <u>www.ca11.uscourts.gov.</u>

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Carol R. Lewis, CC</u> at <u>(404) 335-6179</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs