# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| BRIAN CULVER,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br>SHANNON D. WITHERS, Warden,<br>STEPHANIE RUSH, Chief Psychologist,<br>RAMON RIVERA, SOMP Coordinator,<br>MICHELLE PROULX, SOMP Psychologist,<br>ADAM McCORD, SCSS (Acting Warden),<br>et. al.<br><br>    Defendants. | Case no.<br>    5:18-cv-00160-TKW-HTC |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant, Federal Bureau of Prisons, by and through the undersigned Assistant United States Attorney, and without waiving any defenses or affirmative defenses to which Defendant may be entitled, files this Answer and Affirmative Defenses to Plaintiff's Amended Complaint as follows:

### I.     JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint states Plaintiff's alleged bases for jurisdiction; and as such, requires no response. To the extent that an

answer may be required, Defendant admits that Plaintiff purports to bring an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Administrative Procedures Act [5 U.S.C. 706]. Defendant, however, denies that Plaintiff presents this Court with a justiciable controversy over which it has subject-matter jurisdiction and denies any liability.

2. Paragraph 2 of the Complaint states Plaintiff's alleged bases for jurisdiction; and as such, requires no response.

## II. PLAINTIFF

3. Defendant admits that Plaintiff has remained in the custody of the Federal Bureau of Prisons. Defendant denies that Plaintiff is currently designated to USP Yazoo City. Plaintiff is currently designated to FCI Marianna.

## III. DEFENDANTS

4. Paragraph 4 requires no response as the *Bivens* Defendants have been dismissed.

5. Paragraph 5 requires no response as the *Bivens* Defendants have been dismissed.

6. Paragraph 6 requires no response as the *Bivens* Defendants have been dismissed.

7. Paragraph 7 requires no response as the *Bivens* Defendants have been dismissed.

8. Paragraph 8 requires no response as the *Bivens* Defendants have been dismissed.

9. Paragraph 9 requires no response as the *Bivens* Defendants have been dismissed.

## IV.    FACTS

10. Defendant admits the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendant admits that a primary goal of SOMP institutions is to reduce the need to place sexual offenders in protective custody, and to create an institution climate conducive to voluntary participation in treatment. Defendant admits that SOMP is not treatment but is a management program used by the Federal Prisons. By way of further clarification, all SOMPs offer Non-residential Sex Offender Treatment Programs and SOMP institutions are required to offer sex offender treatment services.

12. Defendant admits that a key component of SOMP is "risk management" and risk management services are designed to reduce the likelihood that sexual offenders in Bureau institutions engage in future acts of a sexually offensive nature. Defendant denies that risk is

determined by an Initial Risk Assessment. The Initial Risk Assessment is a provisional determination of risk used to guide treatment and management. Defendant admits that effective management of sexual offenders in prison requires accurate assessment of risk relevant behavior. Defendant denies the remaining allegations in paragraph 12 of the Amended Complaint.

13. Defendant admits that risk relevant behavior is an individualized determination and is defined as institutional behavior related to a sexual offender's history that indicates risk of future sexual offending upon release. Defendant admits that when an individual has been found to be engaging in behavior that is risk relevant for him, he may be placed on a Correctional Management Plan (CMP.) Defendant admits that when one is placed on a CMP, personal property may be restricted. For further information, it is the policy of the Bureau to impose restrictions on mail and telephone communication, visiting privileges, and personal property of sexual offenders regardless of CMP status. Defendant admits examples of categories of personal property subject to restrictions for one on a CMP include: Items that may be used as sexual paraphernalia such as photos or drawings depicting adults or children in sexually explicit or suggestive poses or situations; materials that

promote the sexual exploitation of children; or written correspondence in which individuals are discussed in a sexual way.

14. Defendant admits that a Correctional Management Plan must comply with the Bureau's Program Statements. Defendant denies the remaining allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant admits that Plaintiff has never been placed on a CMP. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 15 of the Amended Complaint and therefore denies those allegations.

16. Defendant admits Plaintiff's initial risk assessment upon arrival at FCI Marianna included a "Static 99." Defendant admits that a Static 99 is an assessment tool. Defendant admits that Plaintiff's score on the Static 99 was zero. Defendant denies the remaining allegations in paragraph 16 of the Amended Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant admits that the admits Institution Supplement includes inmates who have no minor victims in their background. Defendant admits that the ban does not apply to General Population inmates at FCI Marianna. Defendant denies the remaining allegations contained in paragraph 19 of the Amended Complaint.

20. No response required. However, if a response is required Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21. No response required. However, if a response is required Defendant denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Defendant admits that photographs were rejected. Defendant denies the remaining allegations of Paragraph 22.

23. Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Amended Complaint and therefore denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Amended Complaint and therefore deny the allegations contained in paragraph 26.

27. No response required. However, if a response is required Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendant admits that the policy states in part, "An inmate may possess photographs, subject to the limitations of paragraph (b) of this section, so long as they are not detrimental to personal safety or security, or to the good order of the institution. Ordinarily, photographs, particularly those of family and friends, are approved, since they represent meaningful ties to the community…"

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

## V. EXHAUSTION OF LEGAL REMEDIES

33. Defendant admits that Plaintiff has exhausted his administrative remedies.

## VI. LEGAL CLAIMS

34. United States' responses to paragraphs 1-33 are incorporated herein by reference.

35. The allegations of paragraph 35 contain legal conclusions; and as such, require no response. To the extent that the paragraph is deemed to set forth allegations of fact to which an answer is required, Defendant denies the allegations of paragraph 35.

36. The allegations of paragraph 36 contain legal conclusions; and as such, require no response. To the extent that the paragraph is deemed to set forth allegations of fact to which an answer is required, Defendant denies the allegations of paragraph 36.

37. The allegations of paragraph 37 contain legal conclusions; and as such, require no response. To the extent that the paragraph is deemed to set forth allegations of fact to which an answer is required, Defendant denies the allegations of paragraph 37.

38. The allegations of paragraph 38 contain legal conclusions; and as such, require no response. To the extent that the paragraph is deemed to set

forth allegations of fact to which an answer is required, Defendant denies the allegations of paragraph 38.

39. The allegations of paragraph 39 contain legal conclusions; and as such, require no response. To the extent that the paragraph is deemed to set forth allegations of fact to which an answer is required, Defendant denies the allegations of paragraph 39.

40. The allegations of paragraph 40 contain legal conclusions; and as such, require no response. To the extent that the paragraph is deemed to set forth allegations of fact to which an answer is required, Defendant denies the allegations of paragraph 40.

41. The allegations of paragraph 41 contain legal conclusions; and as such, require no response. To the extent that the paragraph is deemed to set forth allegations of fact to which an answer is required, Defendant denies the allegations of paragraph 41.

42. The allegations of paragraph 42 contain legal conclusions; and as such, require no response. To the extent that the paragraph is deemed to set forth allegations of fact to which an answer is required, Defendant denies the allegations of paragraph 42.

43. The allegations of paragraph 43 contain legal conclusions; and as such, require no response. To the extent that the paragraph is deemed to set

forth allegations of fact to which an answer is required, Defendant denies the allegations of paragraph 43.

## VII. PRAYER FOR RELIEF

44. Paragraph 44 contains Plaintiff's Prayer for Relief and, as such, requires no response. However, if a response is required, Defendant denies that Plaintiff is entitled to the relief requested in paragraph 44 of the Amended Complaint.

45. Paragraph 45 contains Plaintiff's Prayer for Relief and, as such, requires no response. However, if a response is required, Defendant denies that Plaintiff is entitled to the relief requested in paragraph 45 of the Amended Complaint.

46. Paragraph 46 contains Plaintiff's Prayer for Relief and, as such, requires no response. However, if a response is required, Defendant denies that Plaintiff is entitled to the relief requested in paragraph 46 of the Amended Complaint.

47. Paragraph 47 contains Plaintiff's Prayer for Relief and, as such, requires no response. However, if a response is required, Defendant denies that Plaintiff is entitled to the relief requested in paragraph 47 of the Amended Complaint.

48. Paragraph 48 contains Plaintiff's request for jury trial and, as such, requires no response.

49. Paragraph 49 contains Plaintiff's Prayer for Relief and, as such, requires no response. However, if a response is required, Defendant denies that Plaintiff is entitled to the relief requested in paragraph 49 of the Amended Complaint.

50. Paragraph 50 contains Plaintiff's Prayer for Relief and, as such, requires no response. However, if a response is required, Defendant denies that Plaintiff is entitled to the relief requested in paragraph 50 of the Amended Complaint.

51. Defendant denies each and every allegation made by Plaintiff in his Amended Complaint unless specifically admitted.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to declaratory relief.

### THIRID AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has not waived it sovereign immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of costs against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant did not violate Plaintiff's Constitutional Rights.

## EIGHTH AFFIRMATIVE DEFENSE

The FCI-Marianna Sex Offender Management Program (SOMP) photograph restriction policy is constitutional.

## NINTH AFFIRMATIVE DEFENSE

United States hereby specifically preserves any and all other defenses, not currently known, which it has or through discovery learns may be applicable.

WHEREFORE, having fully answered Plaintiff's Complaint, United States requests that this Complaint be dismissed with prejudice and that it be allowed to go hence with its reasonable costs and other such relief as this Court deems necessary and proper.

Respectfully submitted on August 16, 2022,

JASON R. COODY
UNITED STATES ATTORNEY

*/s/ Herbert S. Lindsey*
HERBERT S. LINDSEY
Assistant U.S. Attorney
Texas Bar No. 00784476
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
Tel. 850-942-8430
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2022, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF filing system and that a true copy was mailed by U.S. Postal Service, certified Mail to Mr. Brian Culver, Reg. no. 26299-001 at Federal Correctional Institution, P.O. Box 7007, Mariana, FL 32447.

*/s/Herbert S. Lindsey*
Herbert S. Lindsey
Assistant United States Attorney