UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN CULVER,

    Plaintiff,

v.                                            Case No. 5:18cv160-TKW-HTC

FEDERAL BUREAU OF PRISONS,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Brian Culver, proceeding *pro se* and *in forma pauperis*, is an inmate of the Federal Bureau of Prisons ("BOP") currently confined at FCI Marianna in Florida; he is serving a 720-month sentence for producing child pornography. *See United States v. Culver*, 598 F.3d 740 (11th Cir. 2010). Plaintiff initiated this action in July 2018 by filing a civil rights complaint, ECF Doc. 1, challenging the portion of FCI Marianna's Sex Offender Management Program ("SOMP") which stated:

> "[S]ex offender inmates will only possess pictures of those individuals who are deemed immediate family per their [Presentence Reports ("PSR")] or other available legal documentation (i.e. children by birth, adoption, or legal means, and grandchildren from any of the above) and who are not a victim of their sexual offending behaviors as listed within their PSR or other legal documentation."

ECF Doc. 91-3 at 7. He alleged prison officials violated his constitutional rights by confiscating photos of his minor nephews under this version of the SOMP. ECF

Doc. 1 at 5-6. Noting the nephews were allowed to visit him in prison, he argued there was no legitimate penological reason for depriving him of the photographs. *Id.* at 4.

The Court dismissed Plaintiff's claims, ECF Docs. 43, 46, 48, 51, interpreting his challenge as a facial challenge and finding "the challenged policy passes constitutional muster." ECF Doc. 46 at 1. Plaintiff appealed to the Eleventh Circuit. ECF Doc. 53. On July 27, 2022, the Eleventh Circuit affirmed in part and reversed in part, finding Plaintiff stated a plausible as-applied First Amendment challenge to FCI Marianna's SOMP which, if successful, merited injunctive relief. ECF Doc. 69; *Culver v. Withers*, 2022 WL 2972835, at *1 (11th Cir. July 27, 2022). The Eleventh Circuit affirmed the dismissal of all other claims and Plaintiff's appellate counsel conceded Plaintiff's claims for monetary damages at oral argument. *Id.* at *1-2.

After remand, prison officials at FCI Marianna amended the challenged SOMP. The revised SOMP, dated October 19, 2022, states: "Inmates may only possess pictures of juveniles who are identified as a family member, and who are not identified as a victim, per their PSR or other available legal documentation." ECF Doc. 91-2 at 7. Thus, under the revised policy, inmates are no longer limited to having pictures of only their children or grandchildren. They may possess pictures of other minor family members. Because Plaintiff is now allowed to possess photos of his nephews under the revised SOMP, the BOP filed a motion to dismiss

Plaintiff's amended complaint as moot. ECF Doc. 91. After reviewing the motion, Plaintiff's response, ECF Doc. 96, and the relevant law, the undersigned concludes the motion should be granted and this case should be dismissed without prejudice as moot.

## DISCUSSION

As the Eleventh Circuit recognized on appeal, Plaintiff brought this action after photos of his fully clothed minor nephews were confiscated by FCI Marianna. He challenged the constitutionality of the SOMP, which limited sexual offenders' possession of photos of minors to biological or adopted children and grandchildren. On remand, the BOP voluntarily decided to revise the challenged policy to allow inmates to possess photos of any related minor child who was not a victim of the inmate's sexual offense. That revised policy moots the controversy which initially brought this action to the Court.

Plaintiff nonetheless argues his claim is not moot because the revised policy prevents him from having photos of *non-familial* minor children, such as the minor children of his friends. Plaintiff thus seeks to amend his complaint to add this new claim, ECF Docs. 92, 93, and has also moved for summary judgment on that claim, ECF Doc. 89. Plaintiff has also filed a motion to compel the BOP to answer an interrogatory related to that new claim. ECF Doc. 90. Because Plaintiff's motion to supplement his complaint is based on a new, unexhausted controversy, which

must be filed as a new action, the motion should be denied, and the attendant motions to compel and for summary judgment should be terminated.

    A.    **Mootness**

"Under Article III of the Constitution, federal courts may only hear live 'cases' and 'controversies.'" *Bankshot Billiards, Inc. v. City of Ocala*, 634 F.3d 1340, 1351 (11th Cir. 2011) (citing U.S. Const. Art. III, § 2). "If events that occur subsequent to the filing of a lawsuit … deprive the court of the ability to give the plaintiff … meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). However, "the voluntary cessation of challenged conduct will only moot a claim when there is no 'reasonable expectation' that the accused litigant will resume the conduct after the lawsuit is dismissed." *Bankshot*, 634 F.3d at 1351 (citing *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998)).

"Generally, the 'party asserting mootness' bears the 'heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again.'" *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). But "government actors receive the benefit of a rebuttable presumption that the offending behavior will not recur[.]" *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007). "[T]he government actor is entitled to this presumption only *after* it has shown

unambiguous termination of the complained of activity." *Doe v. Wooten*, 747 F.3d 1317, 1322 (11th Cir. 2014) (citing *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1267-68 (11th Cir. 2010)) (emphasis in original).

Courts consider three broad factors in determining whether a controversy is mooted by a change in policy: (1) whether the change in conduct resulted from substantial deliberation or is merely an attempt to manipulate jurisdiction; (2) whether the government's decision to terminate the challenged conduct was "unambiguous," which entails an inquiry into whether the government's policy shift is fairly viewed as being "permanent and complete"; and (3) whether the government has consistently maintained its commitment to the new policy. *Keohane v. Fla. Dep't of Corr. Sec'y,* 952 F.3d 1257, 1268 (11th Cir. 2020). Applying those factors here, the BOP has established unambiguous termination of the SOMP provision that was at the heart of Plaintiff's amended complaint.

First, the BOP did not change the SOMP policy to avoid an adverse ruling by this Court. Instead, as explained by the Warden of FCI Marianna, Kevin D. Pistro, the SOMP was changed "[a]fter careful consideration" and "to bring FCI Marianna's SOMP Institution Supplement in line with other institutions who operate Sex Offender Management Programs." ECF Doc. 91-1 at 2; *see Wooten*, 747 F.3d at 1322 (noting that the government's repeal or amendment of a challenged statute or policy is "often a clear indicator of unambiguous termination"). Second, Plaintiff

does not argue the BOP will reinstate the repealed SOMP upon the conclusion of this case. Nor does he dispute that under the current SOMP he can now possess the photos of his nephews, the confiscation of which was the basis for this action. *See* ECF Doc. 96 at 1 ("Marianna has revised its policy to remove the specific language which was used to reject the photos which triggered the lawsuit[.]").

Third, as stated above, under the revised SOMP, sex offenders are now allowed to have photos of minor relatives who are not just the children or grandchildren of the inmate. Thus, the feature of the prior SOMP which Plaintiff challenged has been substantially altered by the revised policy. Indeed, the injunction sought by Plaintiff, which was for the Court to enjoin the Defendants from "banning *family* photos simply because they contain a minor who is not the plaintiff's … child," ECF Doc. 37 at 5 (emphasis added), is no longer available. *See Uzuegbunam v. Preczewski,* 781 F. App'x 824, 826 (11th Cir. 2019) (affirming finding that students' claims for declarative and injunctive relief were mooted during the pendency of the action by the college's revision of the challenged "Freedom of Expression" policy), *rev'd and remanded,* 141 S. Ct. 792, 797 (2021) (reversed as to determination that request for nominal damages did not save mootness).

Nevertheless, Plaintiff argues this case is not mooted by the policy change because the revised SOMP is a "blanket ban … under new revised wording" which is still being applied to him. ECF Doc. 96 at 1-2. He claims: (1) the SOMP should

not categorically prohibit sex offenders from possessing pictures of certain types of minors; and (2) prison officials must make an individualized determination of risk relevance after considering an inmate's characteristics and reviewing each picture of a minor the inmate wants to possess. ECF Docs. 89, 93, 96. Thus, Plaintiff suggests the Court should apply the "capable of repetition, yet evading review" exception to the mootness doctrine.

However, the capable of repetition, yet evading review doctrine is a narrow exception to mootness that "applies only in exceptional situations," *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), when: (1) there is a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party; and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, *Al Najjar*, 273 F.3d at 1336. The exception does not apply here because there is not a reasonable expectation the *same* controversy will recur.[1]

The original controversy between Plaintiff and the BOP concerned the photos of Plaintiff's nephews—familial minors who were allowed to and had visited him in

---

[1] The challenged action was also not so short in duration that it could not be fully litigated. This action has been pending since 2018, and there was certainly time even prior to the filing of the action for inmates to challenge the policy. *See Conyers v. Reagan*, 765 F.2d 1124, 1128 (D.C. Cir. 1985) ("the proper inquiry is whether the challenged activity is *by its very nature short in duration, so that it could not, or probably would not, be able to be adjudicated while fully live*") (cleaned up) (emphasis in original).

Case No. 5:18cv160-TKW-HTC

prison. Plaintiff argued the policy, which the BOP has now repealed after remand, as applied to him violated his constitutional rights because his sexual offenses did not involve boys and his nephews were on his approved visitor list. Plaintiff sought to enjoin the BOP's "practice of banning family photos simply because they contain a minor who is not the plaintiff's biological or adopted child and to revise Marianna's Institutional Supplement to remove this provision." ECF Doc. 37 at 5. The grievances he submitted to the BOP prior to filing suit focused on obtaining access to family photos. *See e.g.*, ECF Doc. 1 at 8 ("requesting that this institution's practice of rejecting all family photos which contain minors who are not the inmate's adopted or biological children CEASE and the SOMP Handbook and all related policies which allow this practice to be AMENDED"); *id.* at 9 ("there is no valid reason to reject my personal family photos"); *id.* ("Rejecting my personal family photos when I have done NOTHING wrong effectively places me on an UNWARRANTED CMP."); *id.* at 12 ("There is no way that appropriate family photos of my nephews (who are on my visitation list and has visited me here at FCI Marianna) are 'risk relevant' nor could these photos (which would have been locked in my locker) pose a risk to the 'Safety and Security' of the institution.").

And when the Eleventh Circuit remanded Plaintiff's as-applied First Amendment challenge, it also focused on the SOMP's application with regard to the

photos of the nephews.² *See Culver*, 2022 WL 2972835, at *2 ("At the motion to dismiss stage, we cannot say that there is a 'valid, rational connection' to the Government's interest in preventing Culver from possessing family photographs of his fully clothed nephews when Marianna permits those same nephews to visit Culver in prison."). Thus, the only claim before the Court following remand was whether the SOMP violated Plaintiff's First Amendment rights as applied to his possession of the photos of his nephews. *See Rubenstein v. Fla. Bar*, 72 F. Supp. 3d 1298, 1309 (S.D. Fla. 2014) ("When evaluating an as-applied challenge, the court's inquiry and potential relief focuses only on the particular challenged application[.]") (citation omitted).

The October 2022 amendment to the SOMP removed the language Plaintiff challenged—the language which prevented him from possessing the photos of his nephews. *See Princeton Univ. v. Schmid,* 455 U.S. 100, 100 (1982) (finding case was mooted by the university substantially amending the regulations at issue); *Tanner Adver. Grp., LLC v. Fayette Cnty., Ga.*, 451 F.3d 777, 790 (11th Cir. 2006) ("A 'superseding statute or regulation moots a case … to the extent that it removes challenged features of the prior law.'") (quoting *Coal. for the Abolition on*

---

² Plaintiff's *pro se* appellant brief to the Eleventh Circuit also highlighted his familial relationship to the minors depicted in the confiscated photos. *See Culver v. Withers*, Appeal No. 19-15160, ECF Doc. 16-1 at 12 ("There were already alternative policies in place to address the prison's legitimate penological interest, and *the banning of appropriate family photographs* had absolutely nothing to do with the stated penological interest.") (emphasis added).

*Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000)) (omission in original). Under the revised SOMP, Plaintiff can now possess those photos, and nothing indicates he will be deprived of them in the future.

Although Plaintiff is unhappy with the revised policy, his argument is based on a *different* controversy, which *may* happen in the future—namely, he may be prevented from possessing photos of nonfamilial minors. *See Allee v. Medrano,* 416 U.S. 802, 818, (1974) ("any challenge to the new provisions presents a different case"). Plaintiff argues he may have "already violated [the new policy] by simply having a Christmas Card sent to [him] which contained a juvenile in the picture, fully clothed, with their family." ECF Doc. 96 at 2. This constitutes a new challenge to the revised SOMP, which has not been exhausted and could not have been exhausted when Plaintiff brought this action.[3] *See* 42 U.S.C. § 1997e(a); *Wright v. Ga. Dep't of Corr.*, 820 F. App'x 841, 843 (11th Cir. 2020) ("The PLRA requires prisoners who wish to challenge an aspect of prison life to exhaust all available administrative remedies before resorting to the courts.") (citations omitted); *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (holding a supplemental complaint cannot cure a failure to exhaust, as exhaustion is evaluated at the time the original complaint is filed). As Justice O'Connor explained in her dissenting opinion in *Ne.*

---

[3] Nothing indicates Plaintiff would not have adequate time to mount a challenge to the revised SOMP in a subsequently filed case.

*Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jackson,* 508 U.S. 656 (1993), material changes to a challenged policy or law during the pendency of a case renders the controversy moot, even if the new policy "may suffer from the same legal defect as the old," and any ruling on the new policy would be merely advisory. *Id.* at 670-73.

The BOP should be given an opportunity to administratively address Plaintiff's new challenge to the revised SOMP. A complaint regarding the possession of photos of minor family members is very different from a complaint regarding the inability of a sexual offender to possess photos of *any* minors regardless of their sex or relationship to Plaintiff. Different concerns regarding recidivism, institutional security, and an inmate's interest in access may be implicated by photos of minor family members who visit the prison as compared to photos of unrelated minors. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (noting Congress required exhaustion to improve the quality of prisoner suits by giving prison officials the opportunity to address complaints internally and, for cases ultimately brought to court, by creating an administrative record that can facilitate adjudication and clarify the contours of the controversy) (citations omitted).

The same conclusion was reached in *O'Bryan v. Bureau of Prisons*, 2006 WL 1494024 (E.D. Mich. May 25, 2006). There, a prisoner who was a practitioner of Wicca alleged a BOP policy which prohibited the casting of spells violated the First

Amendment and the Religious Freedom Restoration Act. *Id.* at *1. During the litigation, the BOP repealed the prohibition on casting spells and replaced it with a prohibition on "language or behaviors that could reasonably be construed as a threat to safety, security, or the orderly running of the institution, (e.g. curses)[.]" *Id.* Although the BOP argued the change mooted the prisoner's case, the plaintiff asserted he could be subjected under the new policy to the same deprivation of religious freedom he suffered under the old policy and prison officials were, in fact, continuing to infringe upon his religious liberties by denying him access to items he needed to cast spells. *Id.* at *3-4.

The court found: (1) because the prisoner brought the action challenging a policy which no longer existed, his case was moot; (2) to the extent the prisoner claimed the new policy infringed on his religion, he was required to exhaust his administrative remedies as to the new policy, and if his complaints were not resolved through the grievance process, then file a new lawsuit challenging the new policy. *Id.* at *1, 4. The court noted that "[t]o allow plaintiff to proceed upon his new allegations would be to permit him to bypass the exhaustion requirement altogether and, moreover, would substantially expand this litigation beyond its original scope." *Id.* at *4.

Finally, Plaintiff also suggests the revised SOMP is not adequate because "[m]ost all of the minors in [his] family and/or friends were not even born at the time

[his] PSR was done therefore it is impossible for all of my family and friends to be listed in [his] PSR or 'other legal documentation.'" ECF Doc. 93 at 1. That argument does not change the mootness analysis. The revised SOMP contemplates that Plaintiff can establish a familial relationship through other legal documentation (e.g., a birth certificate). Thus, it does not matter if the minor family member was not born until after the PSR was completed. Regardless, this argument appears to be based on speculation, and not based on an actual problem Plaintiff has had with the BOP recognizing new family members; thus, it is not ripe for adjudication. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (quotation marks and citation omitted).

Accordingly, because the BOP revised the SOMP and Plaintiff is now able to possess photos of his juvenile family members, this case is moot. Plaintiff must exhaust his administrative remedies with regards to any claim he has about possessing photos of nonfamilial minors under the revised SOMP and, if dissatisfied with the response, file a new lawsuit.

### B. Plaintiff's Second Request for Permission to Supplement Complaint, Motion for Summary Judgment, and Motion to Compel

Plaintiff has moved to supplement his amended complaint to add his new challenge to the revised SOMP, ECF Docs. 92, 93, has moved for summary

judgment on that new claim, ECF Doc. 89, and seeks to compel the BOP to answer an interrogatory which asks, "How do pictures of minors impact the risk of recidivism for sex offenders who have never victimized minors," ECF Doc. 90-1 at 2. As explained above, Plaintiff has not exhausted this new claim and could not have done so before the filing of this action. Moreover, Plaintiff did not file his motion to amend until *after* the deadline to amend pleadings expired.[4] ECF Doc. 73 at 3. Thus, the undersigned recommends the motion to amend be DENIED.[5]

Also, because the motion to compel and for summary judgment are based on Plaintiff's new, broader, unexhausted challenge to the revised SOMP, those motions should be terminated.[6]

Accordingly, it is RECOMMENDED:

1. That Plaintiff's motion to supplement, ECF Doc. 92, be DENIED.

2. That Defendant BOP's motion to dismiss, ECF Doc. 91, be GRANTED and this case be DISMISSED WITHOUT PREJUDICE as moot.

---

[4] Plaintiff's titling of his motion as a supplement does not change the nature of his request – which is to amend the complaint.

[5] Were exhaustion not a requirement, the Court recognizes that the appropriate remedy would be to allow Plaintiff to amend his complaint. *See Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.,* 404 U.S. 412, 415 (1972) ("Because it is possible that appellants may wish to amend their complaint so as to demonstrate that the repealed statute retains some continuing force or to attack the newly enacted legislation, rather than remanding the case to the District Court for dismissal as is our usual practice when a case has become moot pending a decision by this Court, we vacate the judgment of the District Court and remand the case to the District Court with leave to the appellants to amend their pleadings.") (internal citations omitted).

[6] Also, even if the interrogatory was about the repealed policy, the BOP objected to the interrogatory as irrelevant because it sought information about how the SOMP applied to sex offenders who did not victimize minors and Plaintiff was someone who had victimized a minor.

Case No. 5:18cv160-TKW-HTC

3. That all other pending motions be terminated.

4. That the clerk close the file.

At Pensacola, Florida, this 31st day of January 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.