UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN CULVER,

    Plaintiff,

v.                                Case No. 5:18cv160-TKW-HTC

FEDERAL BUREAU OF PRISONS,

    Defendant.
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 98) and Plaintiff's objections (Doc. 99). The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case is moot.

Contrary to what Plaintiff claims in his objections, the "crux" of this suit—as set forth in the operative amended complaint—is that Defendant had a "policy and practice of banning **family** photos simply because the photo contains a minor who is not plaintiff's biological or adopted child," Doc. 37 at ¶44 (emphasis added), and Plaintiff wanted the Court to enjoin that policy and practice. *Id.* at ¶45 (requesting "[a] preliminary and permanent injunction ordering all of the defendants to cease the practice of banning **family** photos simply because they contain a minor who is not

the plaintiff's biological or adopted child and to revise Marianna's Institutional Supplement to remove this provision.") (emphasis added).  Plaintiff obtained that relief through the new policy which indisputably allows Plaintiff to have family photos, thereby rendering his challenge to the original policy moot.

If Plaintiff wants to challenge the new policy, he must file a new lawsuit after exhausting his administrative remedies.  The fact that Plaintiff did not obtain relief from the original policy through the administrative process does not excuse his failure exhaust his administrative remedies with respect to the new policy. Likewise, Plaintiff's unsupported assertion in his objections that some of his prior grievances (about unknown subjects) were allegedly not processed is not enough to establish that the administrative remedy process is unavailable.[1]

This disposition does not contravene the Eleventh Circuit's mandate.  The case was remanded to give the parties an opportunity to develop a factual record on the penological interests served by the original policy, but there was no reason to do

---

[1] Notably, Plaintiff's proposed "supplemental pleading" (Doc. 93), which he now suggests should have been treated as a motion to amend, *see* Doc. 99 at 3-4, does not even attempt to allege that he exhausted his administrative remedies with respect to the new policy or that it would be futile for him to do so.  Also, the supplemental pleading states that Plaintiff is "in no way abandoning any previous pleadings," which is inconsistent with the local rules.  *See* N.D. Fla. Loc. R. 15.1(A) ("A pleading may be amended only by filing a complete copy of the amended pleading. Allegations in a prior pleading that are not set out in the amended pleading are deemed abandoned ….").

so after that policy was repealed.[2] The question of whether there is a legitimate penological interest for the new policy is a different question than the one that was remanded by the Eleventh Circuit, and as the magistrate judge correctly explained, that question will not be ripe for judicial review until Plaintiff exhausts his administrative remedies with respect to the new policy.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Plaintiff's motion to supplement (Doc. 92) is **DENIED**.

3. Defendant's motion to dismiss (Doc. 91) is **GRANTED**, and this case is **DISMISSED as moot**.

4. All other pending motions are **DENIED as moo**t.

5. The Clerk shall close the case file after enter judgment stating, "This case is dismissed as moot."

---

[2] The Court did not overlook the fact that the Eleventh Circuit's opinion summarized Plaintiff's argument as implicating his "right to communicate with family <u>and friends</u>," Doc. 69 at 2-3 (emphasis added), but the amended complaint focuses only on the original policy's impact on Plaintiff's ability to have "family photos" and the word "friends" is not even used in the amended complaint. Thus, the Court does not read the Eleventh Circuit's passing reference to "family and friends" to have remanded the case for consideration of an issue that was not asserted in the operative pleading.

**DONE and ORDERED** this 13th day of February, 2023.

                                         _____
                                         **T. KENT WETHERELL, II**
                                         **UNITED STATES DISTRICT JUDGE**